**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-5147**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ALEJANDRO DIAZ-GUTIERREZ,

                Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:07-cr-00114-FDW-CH-1)

_____

Submitted: September 21, 2009     Decided: December 7, 2009

_____

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Diaz-Gutierrez was convicted of illegal reentry following removal from the United States, in violation of 8 U.S.C. § 1326(a) (2006). The district court sentenced him to seventy-two months in prison. Diaz-Gutierrez appeals, contending that the admission of a warrant of deportation into evidence violated the Confrontation Clause of the Sixth Amendment. We affirm.

We review evidentiary rulings implicating the Confrontation Clause de novo. United States v. Abu Ali, 528 F.3d 210, 253 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." Crawford v. Washington, 541 U.S. 36, 53-54 (2004). "As Crawford and later Supreme Court cases make clear, a statement must be 'testimonial' to be excludable under the Confrontation Clause." United States v. Udeozor, 515 F.3d 260, 268 (4th Cir. 2008) (citing Davis v. Washington, 547 U.S. 813 (2006)).

Documents "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial . . . are not testimonial." Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2539-40 (2009).

2

A warrant of deportation is "not made in anticipation of litigation[.] . . . [I]t is simply a routine, objective cataloging of an unambiguous factual matter." United States v. Bahena-Cardenas, 411 F.3d 1067, 1075 (9th Cir. 2005). We conclude, as have all Circuits to have considered the question, that a warrant of deportation is nontestimonial and therefore "not subject to the requirements of the Confrontation Clause." See United States v. Burgos, 539 F.3d 641, 645 (7th Cir. 2008) (collecting cases). Therefore, the district court did not err in admitting the warrant of deportation into evidence.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED