COMMONWEALTH *vs.* SPENCER SHANGKUAN.

No. 09-P-339.

Hampshire. December 15, 2009. - February 28, 2011.

Present: GREEN, RUBIN, & WOLOHOJIAN, JJ.

*Abuse Prevention. Protective Order. Practice, Civil,* Service. *Evidence,* Hearsay, Court record, Testimonial statement. *Public Records.*

This court concluded that a properly completed return of service on a G. L. c. 209A restraining order is admissible at a criminal trial under the official or public record exception to the hearsay rule, and that its admission at trial in the absence of the police officer who completed it does not violate the confrontation clause of the Sixth Amendment to the United States Constitution, given that the return of service, although a formal or solemnized statement, is not per se testimonial or testimonial in fact. [829-837] RUBIN, J., concurring.

COMPLAINT received and sworn to in the Eastern Hampshire Division of the District Court Department on December 20, 2006.

The case was reported by *John M. Payne, Jr., J.*

*Mary H. Patryn & Ryan E. Alekman* for the defendant.

*Cynthia M. Pepyne,* Assistant District Attorney, for the Commonwealth.

WOLOHOJIAN, J. A District Court judge, pursuant to Mass. R.Crim.P. 34, as amended, 442 Mass. 1501 (2004), has reported the following question: "Can the commonwealth prove that the defendant was served a G. L. c. 209A [order] by the return of service filed by an out of state law enforcement officer without direct testimonial evidence that the defendant was in fact the person served?" The report subsumes two distinct questions: first, does the completed return of service form fall within an exception to the hearsay rule; and second, if so, is it testimonial for purposes of the confrontation clause of the Sixth Amendment to the United States Constitution. We answer the reported

question, "Yes," and hold that a c. 209A completed return of service is admissible under the public records exception to the hearsay rule and that it is nontestimonial for purposes of the confrontation clause.

*Background.* We recite the facts as reported by the judge below, supplemented by the undisputed facts contained in the record. The defendant was the subject of a G. L. c. 209A restraining order issued on December 8, 2006. The defendant's address, as reflected in the order, was in Princeton, New Jersey. In large letters prominently placed towards the top of the first page of the order appears the following: "VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE punishable by imprisonment or fine or both." In addition to the provisions directed to the defendant, the order contained the following "Notice to Law Enforcement":

> "An appropriate law enforcement officer shall serve upon the Defendant in hand a copy of the Complaint and a certified copy of this Order (and Summons), and make return of service to this Court. If this box is checked ☐,[1] service may instead be made by leaving such copies at the Defendant's address shown on Page 1 but only if the officer is unable to deliver such copies in hand to the Defendant."[2]

On the back of the order was a preprinted return of service[3] that was completed and signed on December 10, 2006, by a

---

[1]The box was not checked.

[2]This portion of the restraining order mirrors the legislative mandate contained in G. L. c. 209A, § 7, as amended by St. 1990, c. 403, § 8, that "unless otherwise ordered by the court, [the appropriate law enforcement agency] *shall* serve one copy of each order upon the defendant, together with a copy of the complaint, order and summons and notice of any suspension or surrender ordered pursuant to section three B of this chapter. The law enforcement agency *shall* promptly make its return of service to the court" (emphases added). See *Commonwealth v. Crimmins,* 46 Mass. App. Ct. 489, 491-492 (1999).

[3]The restraining order used the standard G. L. c. 209A order form of the Trial Court, and the return of service was preprinted on the back of the form. The form is designed to have the serving officer check the appropriate box or boxes pertaining to the manner of service and also contains several boxes for the officer's name, signature, title, department, and the date and time of service.

New Jersey police officer.[4,5] The officer certified that he had served a copy of the order on the defendant by delivering it to him in hand. The completed return of service was then transmitted to the clerk of the court, as required by the order and by G. L. c. 209A, § 7 (see note 2, *supra*).

The defendant is alleged to have violated the order on December 18, 2006, and a criminal complaint issued two days later charging the defendant with violation of G. L. c. 209A, § 7. The question that appears at the beginning of this opinion has been reported to us in the context of the criminal prosecution.

*Discussion.* "To establish a violation of G. L. c. 209A, § 7, the Commonwealth must [prove beyond a reasonable doubt] that (1) a valid G. L. c. 209A order was entered by a judge and was in effect on the date of the alleged violation; (2) the defendant violated the order; and (3) the defendant had knowledge of the order." *Commonwealth* v. *Griffen*, 444 Mass. 1004, 1005 (2005), quoting from *Commonwealth* v. *Silva*, 431 Mass. 401, 403 (2000). We are concerned here with the third element, because the Commonwealth seeks to use the return of service as evidence the defendant knew of the order. The defendant argues that the return is inadmissible hearsay and that its introduction, absent an opportunity to cross-examine the New Jersey police officer who signed it, violates his confrontation rights.

1. *Hearsay.* Although there may be instances where a return of service is not being offered for its truth, that is not the case here. Here, the Commonwealth seeks to introduce the certificate to prove that the order was served on the defendant in hand on December 10, 2006. If used in this manner, the return is hearsay, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Mass. G. Evid. § 801(c) (2010).

---

[4]Rather confusingly, a return of service dated December 19, 2006, is also included in the record. The parties agree that it is of no import to the complaint at issue in this case, which charges the defendant with a violation the preceding day, December 18, 2006.

[5]We are led to believe from the posture of the case, and from the arguments made, that the officer is unavailable to testify at trial. However, the parties have made no explicit representation one way or the other, and nothing in our opinion turns on the fact that service was made by an out-of-State officer or that the officer may be unavailable.

Hearsay is "generally inadmissible unless it falls within an exception to the hearsay rule." *Commonwealth* v. *Rice*, 441 Mass. 291, 305 (2004). See Mass. G. Evid. § 802. The Commonwealth, relying on G. L. c. 233, § 76,[6] and Mass.R.Crim.P. 40, 378 Mass. 917 (1979),[7] argues that the return of service falls within the official or public records exception to the hearsay rule because the return is maintained by the court. This argument fails because the statute and the rule both pertain to the authenticity of a copy of an otherwise admissible public record. Authenticity is a precondition to, not the equivalent of, admissibility. See Mass. G. Evid. § 901; Brodin & Avery, Massachusetts Evidence § 9.2 (8th ed. 2007). The fact that a document is authentic as an official record does not mean that the document is admissible under the official or public records exception to the hearsay rule. See *Jacobs* v. *Hertz Corp.*, 358 Mass. 541, 544 (1970) (a statement in an official court record is not admissible simply because it has been authenticated as an official record; the underlying statement must be otherwise admissible).

Instead, we must determine whether the statement contained in the return of service (to wit, that the defendant was served in hand on a particular day) falls within the official or public records exception to the hearsay rule because it is a "record of a primary fact, made by a public officer in the performance of official duty."[8] *Commonwealth* v. *Slavski*, 245 Mass. 405, 417

---

[6]General Laws c. 233, § 76, provides, in pertinent part:

> "Copies of books, papers, documents and records in any department of the commonwealth or of any city or town, authenticated by the attestation of the officer who has charge of the same, shall be competent evidence in all cases equally with the originals thereof; provided, that, . . . the genuineness of the signature of such officer shall be attested by the secretary of the commonwealth under its seal or by the clerk of such city or town, as the case may be."

[7] "An official record kept within the Commonwealth, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having legal custody of the record, or by his deputy." Mass.R.Crim.P. 40(a)(1).

[8]There are other ways a statement may qualify under the official or public records exception, see Mass. G. Evid. § 803(8), but they do not apply here.

(1923). See Mass. G. Evid. § 803(8)(A). "The duty may be imposed by a foreign law, and the official may be a foreign official. The duty need not be imposed directly by statute." Brodin & Avery, Massachusetts Evidence, *supra* at § 8.12.1, at 544. Statements of opinion or judgment are not admissible under the exception. See *Commonwealth* v. *Slavski, supra.*

Here, the return of service was clearly prepared by an official in the performance of an official duty. The order itself directed the applicable law enforcement officer to serve the defendant in hand and to "make return of service to this Court." Likewise, G. L. c. 209A, § 7, requires the appropriate law enforcement agency to serve the subject of a c. 209A order and to "promptly make its return of service to the court." Whether these respective authorities are sufficient of their own force to require compliance by a foreign police officer is a question we need not answer because the full faith and credit provision of the Violence Against Women Act, 18 U.S.C. § 2265 (2006), requires that a protective order of one State be accorded full faith and credit by law enforcement officers of the other States "as if it were" an order of their own. 18 U.S.C. § 2265(a). New Jersey's statute governing protective orders provides that police officers "shall" serve such orders when they are issued by the courts of New Jersey.[9] Taken together, these statutory provisions demonstrate that the return of service is a "record of a primary fact, made by a public officer in the performance of official duty," *Commonwealth* v. *Slavski,* 245 Mass. at 417, such that it falls within the official or public records exception to the hearsay rule. The certificate simply records the occurrence of an action the officer was required by law to perform.

2. *Confrontation.* That the return of service is admissible as

---

[9] "An order granting emergency relief, together with the complaint or complaints, shall immediately be forwarded to the appropriate law enforcement agency for service on the defendant, and to the police of the municipality in which the plaintiff resides or is sheltered, and shall immediately be served upon the defendant by the police, except that an order issued during regular court hours may be forwarded to the sheriff for immediate service upon the defendant in accordance with the Rules of Court. If personal service cannot be effected upon the defendant, the court may order other appropriate substituted service. At no time shall the plaintiff be asked or required to serve any order on the defendant." N.J. Stat. Ann. § 2C:25-28(l) (West 2005).

an official or public record does not answer the question whether its admission, absent live testimony or a prior opportunity to cross-examine the declarant, violates the confrontation clause. See *Crawford* v. *Washington*, 541 U.S. 36, 50-51 (2004) (*Crawford*). The confrontation clause applies to witnesses who "bear testimony" against the accused, regardless of whether their statements are admissible under the rules of evidence. *Ibid.* " 'Testimony' . . . is typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact' " at trial. *Id.* at 51, quoting from 2 Webster, An American Dictionary of the English Language (1828). *Melendez-Diaz* v. *Massachusetts*, 129 S. Ct. 2527, 2532 (2009) (*Melendez-Diaz*) (same).

"Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial."[10] *Id.* at 2539-2540. However, documents "prepared specifically for use at [the defendant's] trial" are testimonial "[w]hether or not they qualify as business or official records." *Id.* at 2540. Thus, the fact that the return of service in this case is a public record does not of itself establish that it is not "testimonial" for purposes of the confrontation clause. Rather, the document, in addition to being a public record, must not have been created for the purpose of establishing or proving some fact at the defendant's criminal trial.

With the exception of some ex parte documents, we are unaware of any document filed with, or issued by, our courts that is not required to be served by, or on, the parties. Whether the proceeding is criminal or civil, the fair administration of justice requires that parties and the court be advised of the service of pleadings and filings. Our judicial system does not work without notice to all involved. Numerous court rules reflect the requirement of

---

[10]Before *Melendez-Diaz*, the Supreme Court had signaled in *Crawford* that business and public records were likely not testimonial: "Most of the hearsay exceptions covered statements that by their nature were not testimonial — for example, business records or statements in furtherance of a conspiracy." *Crawford*, 541 U.S. at 56.

service. See, e.g., Mass.R.Civ.P. 4, as amended, 402 Mass. 1401 (1988); Mass.R.Civ.P. 5, as amended, 404 Mass. 1401 (1989); Mass.R.Crim.P. 13(a)(3), as appearing in 442 Mass. 1516 (2004). In the case of c. 209A orders such as the one involved here, the statute itself not only requires service but also specifies how it is to be made and returned. G. L. c. 209A, § 7. Even without such a statutory provision, due process would require that the subject of a c. 209A order receive notice of it and its terms. See, e.g., *Commonwealth* v. *Delaney*, 425 Mass. 587, 592 (1997), cert. denied, 522 U.S. 1058 (1998). Although formal service of the order is not the only way due process can be satisfied, see *id.* at 592-593, it is certainly the most common.

The return of service completes the service of process. See 62B Am. Jur. 2d Process § 278 (2d ed. 2005). It gives "assurance that service really has been made and establish[es] that proceedings implementing the constitutional requirements of due process were followed." *Ibid.* See *Cape Cod Bank & Trust Co.* v. *LeTendre*, 384 Mass. 481, 486 (1981) (the absence of a certificate of service may be considered by a judge as some evidence that service was not actually made). See also *Davis* v. *MCI Communications Servs.*, 421 F. Supp. 2d 1178, 1182 n.1 (E.D. Mo. 2006) ("the purpose of a certificate of service is to inform the court that the paper has been served on other parties").

We conclude that the primary purpose for which the return of service in this case was created is to serve the routine administrative functions of the court system, ensuring that the defendant received the fair notice to which he is statutorily and constitutionally entitled (see G. L. c. 209A, § 7, and the due process clause of the Fourteenth Amendment to the United States Constitution), establishing a time and manner of notice for purposes of determining when the order expires or is subject to renewal, and assuring the plaintiff that the target of the order knows of its existence. The return of service here was not created for the purpose of establishing or proving some fact at a potential future criminal trial. Compare *Commonwealth* v. *Martinez-Guzman*, 76 Mass. App. Ct. 167, 171 n.3 (2010) (Registry of Motor Vehicles [RMV] documents); *Commonwealth* v. *McMullin*, 76 Mass. App. Ct. 904, 904 (2010) (RMV and court documents); *Commonwealth* v. *Weeks*, 77 Mass. App. Ct. 1, 4-7

(2010) (certified copies of docket sheets showing defendant's prior convictions); *Commonwealth* v. *Dyer*, 77 Mass. App. Ct. 850, 853-855 (2010) (hospital record of blood alcohol content).

It is true that a return of service might be used in a later criminal prosecution to furnish proof that the defendant was on notice of the abuse prevention order entered against him.[11] When so used, returns are the functional equivalent of the serving officer's live testimony. In this sense they bear some resemblance to the drug analysis certificates in *Melendez-Diaz*. Unlike the drug certificates at issue in *Melendez-Diaz*, however, a return of service is not created solely for use in a pending criminal prosecution. See *Melendez-Diaz*, 129 S. Ct. at 2539-2540. For this reason, it is not testimonial for purposes of the confrontation clause.[12,13] Contrast *id.* at 2540.

Unlike the United States Supreme Court, which has not

---

[11]However, the Commonwealth may also satisfy its burden of proof that the defendant was on notice even when service was defective or nonexistent. See *Edge* v. *Commonwealth*, 451 Mass. 74, 77-78 (2008) (defendant's fair notice of what the order prohibited, and not proof of service, is required for a c. 209A, § 7, conviction). See also *Commonwealth* v. *Griffen*, 444 Mass. at 1005 (failure of service, or improper service, does not render ex parte order invalid).

[12]Our conclusion in this regard is consistent with those of other jurisdictions that have specifically considered whether returns of service are testimonial. See *People* v. *Saffold*, 127 Cal. App. 4th 979 (2005); *People* v. *Espinoza*, 195 P.3d 1122 (Colo. Ct. App. 2008); State *vs.* Wills, Ohio Ct. App., No. 05AP-509 (10th Dist. May 9, 2006).

[13]Analogously, Federal courts have held that warrants of deportation are nontestimonial when introduced in a later prosecution for illegal reentry into the United States. To convict a person of illegally reentering the United States, 8 U.S.C. § 1326 (2006), the government must prove that the defendant was previously deported. *United States* v. *Burgos*, 539 F.3d 641, 643 (7th Cir. 2008). To prove the defendant's prior deportation, the government will typically offer a warrant of deportation, a document signed by an immigration official attesting to the fact that the official observed the deportee leaving the country. *United States* v. *Torres-Villalobos*, 487 F.3d 607, 612 (8th Cir. 2007). We view these warrants as analogous to the returns of service challenged here: in each case, a document is created and kept in a public agency's ordinary course, with an attestation by a public official that he did something (serve the defendant) or saw the defendant do something (leave the country), and is offered to prove an element of a crime in a subsequent prosecution. The warrants of deportation, both pre- and post-*Melendez-Diaz*, have consistently been held nontestimonial because their "primary purpose is to maintain records concerning the movements of aliens and to ensure compliance with orders of deportation, not to prove facts for use in future criminal prosecutions." *United*

articulated any particular analytical process for determining whether a statement is "testimonial," the Supreme Judicial Court has "adopted a two-step test for determining whether an out-of-court statement is testimonial." *Commonwealth* v. *Simon*, 456 Mass. 280, 297, cert. denied, 131 S. Ct. 181 (2010). This two-step framework requires that we first determine whether the statement is testimonial per se and, second, even if it is not testimonial per se, whether the statement is "testimonial in fact." *Commonwealth* v. *Gonsalves*, 445 Mass. 1, 12 (2005), cert. denied, 548 U.S. 926 (2006) (*Gonsalves*). Under the two-step *Gonsalves* test,

> "A statement is testimonial per se if it was made in a formal or solemnized form (such as a deposition, affidavit, confession, or prior testimony) or in response to law enforcement interrogation. . . . Second, if a statement is not testimonial per se, we consider whether the statement is nonetheless testimonial in fact. A statement is testimonial in fact if 'a reasonable person in the declarant's position would anticipate the statement's being used against the accused in investigating and prosecuting the crime.' "

*Commonwealth* v. *Simon*, 456 Mass. at 297, quoting from *Gonsalves*, *supra* at 12-13. This two-step analytical framework is not intended to produce results at odds with Supreme Court cases, whether analyzing confrontation rights under the Sixth Amendment or art. 12 of the Massachusetts Declaration of Rights. Indeed, the Supreme Judicial Court has "always held that the protection provided by art. 12 is coextensive with the guarantees of the Sixth Amendment to the United States Constitution." *Commonwealth* v. *Lao*, 450 Mass. 215, 223 (2007). And the Supreme Judicial Court has also made clear that the two-step *Gonsalves* framework must be read in harmony with the Supreme Court's confrontation clause decisions. See *Commonwealth* v. *Simon*, 456 Mass. at 297-298 (*Gonsalves* definition of when statements to officers are not testimonial per

States v. *Torres-Villalobos*, *supra* at 613. See *United States* v. *Garcia*, 452 F.3d 36, 42 (1st Cir. 2006); *United States* v. *Burgos*, 539 F.3d at 644-645; *United States* v. *Diaz-Gutierrez*, 354 Fed. Appx. 774, 775 (4th Cir. 2009), cert. denied, 131 S. Ct. 1560 (2010) (per curiam) (reaffirming warrants of deportation as nontestimonial after *Melendez-Diaz*).

se must be modified to comport with *Davis* v. *Washington*, 547 U.S. 813 [2006]).

Accordingly, although the return of service in this case is a formal or solemnized statement, see *Commonwealth* v. *Simon*, 456 Mass. at 297, it is not per se testimonial. To hold otherwise would be inconsistent with *Melendez-Diaz*, in which, as we have seen above, the Supreme Court held that business and official records are not testimonial provided they were not created to prove some fact at a criminal trial.[14] See *Melendez-Diaz*, 129 S. Ct. at 2539-2540.

Nor is the return of service testimonial in fact. Although we acknowledge that certain circumstances weigh in favor of finding that "a reasonable person in the declarant's position would anticipate the statement's being used against the accused in investigating and prosecuting the crime,"[15] *Commonwealth* v.

---

[14]We note that the *Gonsalves* two-step framework does not fit neatly with the Supreme Court's jurisprudence, probably because *Gonsalves* was decided at a time when the Supreme Court had expressly left "for another day any effort to spell out a comprehensive definition of 'testimonial.' " *Crawford*, 541 U.S. at 68. Since then, the Supreme Court has decided *Davis* v. *Washington*, 547 U.S. 813 (2006), and *Melendez-Diaz* v. *Massachusetts*, 129 S. Ct. 2527 (2009), both of which contain passages that create tension with aspects of the *Gonsalves* test. Ultimately, as the Supreme Judicial Court has stated, whether a statement is testimonial for confrontation purposes is "highly dependent on the context in which the statement was made." *Commonwealth* v. *Galicia*, 447 Mass. 737, 741 (2006). We understand the two-step *Gonsalves* test as a means of helping to analyze the particular facts and circumstances of a given case, rather than a mechanistic formula that on its own should drive the conclusion whether a statement is testimonial.

[15]The c. 209A abuse prevention order form itself prominently discloses the criminal consequences of its violation. This disclosure is displayed in large font on the front of the order and is readily apparent to any serving officer. The form also contains instructions to the serving police department, including a requirement to enforce the order and to maintain a copy in the department's files. Moreover, the form states that the serving police department "shall establish procedures adequate to insure that an officer on the scene of an alleged violation of such order may be informed of the existence and terms of such order." See G. L. c. 209A, § 7. Individually and together, these various statements would put a reasonable witness in the officer's shoes on notice that the order (including the return of service) could be used to investigate and prosecute a criminal violation of the order. Moreover, a police officer of ordinary knowledge and experience would anticipate that some number of domestic abuse orders will be violated, leading to subsequent criminal proceedings. A reasonable officer would also anticipate that notice would be an element of any such subsequent prosecution, and that the return of service could be used to prove that the defendant received the order.

*Simon,* 456 Mass. at 297, quoting from *Gonsalves,* 445 Mass. at 12-13, others lead to the opposite conclusion.[16] In balancing these various considerations, we deem the contemporaneous purpose for which the statement was made to be the truest touchstone of whether a particular statement is testimonial in fact. It is on this basis that the Supreme Court has held that business and public records do not raise confrontation concerns, *Melendez-Diaz,* 129 S. Ct. at 2539-2540, and it is on this basis that we hold that the return of service here is not testimonial in fact.

*Conclusion.* For the reasons set out above, we answer the reported question, "Yes." A properly completed and returned c. 209A return of service is admissible under the official or public records exception to the hearsay rule, and its admission at trial absent the presence of the officer who completed it does not violate the confrontation clause of the Sixth Amendment to the United States Constitution. We remand the case to the District Court for further proceedings.

*So ordered.*

RUBIN, J. (concurring). I agree that the return of service at issue here is a public record. As the court notes, *ante* at 832, the Supreme Court, in *Melendez-Diaz* v. *Massachusetts,* 129 S. Ct. 2527, 2539-2540 (2009) *(Melendez-Diaz),* its most recent discussion of which records are "testimonial" for purposes of analysis under the confrontation clause of the Sixth Amendment to the United States Constitution and which are not, said,

> "Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been

[16]A police officer is required by statute to effectuate service, to complete the return of service, and then to return the completed form to the court. G. L. c. 209A, § 7. The order is civil in nature; it is served before any crime has yet been committed. The primary purpose of the return of service is to effectuate the routine administrative functions of the court system, and to ensure that a defendant receives fair notice of the order. In addition, there is nothing in the record on appeal to indicate that the officer in the present matter had, or would have had, any reason to believe that the defendant was likely to violate the restraining order. For all that appears, the order would never be violated.

created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial."

In essence, that language decides the case before us: The return of service at issue in this case was created for the administration of the courts, not for the purpose of establishing or proving at trial the fact of service. In the quoted language, the Supreme Court squarely addresses this circumstance, and, under that language, the return of service here is nontestimonial. That suffices to resolve this case.

I write separately, however, to note that the quoted language from the Supreme Court's *Melendez-Diaz* decision is something of a non sequitur that may be viewed to create a carve-out from the general rule we apply in determining whether a statement is testimonial. *Crawford* v. *Washington*, 541 U.S. 36 (2004) (*Crawford*), and its follow-on Supreme Court cases, including *Melendez-Diaz* itself, indicate that, at least in general, statements made for a purpose other than "establishing or proving some fact at trial," see *Melendez-Diaz, supra*, will not always be nontestimonial for purposes of confrontation clause analysis. *Crawford* itself included in the "core class of 'testimonial' statements" "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford*, 541 U.S. at 51-52. See *Melendez-Diaz*, 129 S. Ct. at 2531 (quoting this language).[1] It is this type of hearsay that is described by the test articulated by our Supreme Judicial Court for determining when hearsay that is not "per se" testimonial is, nonetheless, "testimonial in fact." See *Commonwealth* v. *Gonsalves*, 445 Mass. 1, 12 (2005), cert. denied, 548 U.S. 926 (2006) (*Gonsalves*).[2] The Supreme Judicial Court has explained that "[t]he proper inquiry is whether a reasonable person in the declarant's position would anticipate the statement's being used against the accused in investigating and prosecuting a crime." *Id.* at 12-13.

---

[1]Indeed, in *Davis* v. *Washington*, 547 U.S. 813, 828-829 (2006), the Court suggested that "an account of past events," regardless of the purpose for which it was given, was "testimonial."

[2]An example of hearsay that is testimonial "per se" is sworn testimony given at a prior proceeding. *Gonsalves*, 445 Mass. at 7.

That a document was "created for the administration of an entity's affairs," *Melendez-Diaz*, 129 S. Ct. at 2539, does not logically exclude the possibility that it was also "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial," *Gonsalves*, 445 Mass. at 6, quoting from *Crawford*, 541 U.S. at 52. Indeed, any objective law enforcement officer who completed a return of service would reasonably believe that the factual statement contained in the return — that the order had been served upon the person upon whom it was imposed — would be available for use at a later trial should that person violate the order. The return is, after all, a statement demonstrating one element of the offense of violating a protective order. See *Crawford*, *supra* at 51 (quoting the definition of "testimony" in 2 Webster, An American Dictionary of the English Language [1828], "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact"). One might well conclude that the return is therefore "testimonial in fact" under *Gonsalves*.

Nonetheless, and despite the continued vitality in general of the *Gonsalves* test after *Melendez-Diaz*, see *Commonwealth* v. *Linton*, 456 Mass. 534, 550 (2010), the specific language of *Melendez-Diaz*, 129 S. Ct. at 2539-2540, concerning which records are testimonial and which are not, answers the reported question before us in the affirmative. While the *Melendez-Diaz* language may in these circumstances represent an exception to the general rule articulated by the Supreme Court and reflected in *Gonsalves*, it is nonetheless controlling here. Consequently I concur in both the opinion and the judgment of the court.