NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-387

COMMONWEALTH

vs.

FRANK R. LAMONDE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant, Frank LaMonde, was convicted of violating an abuse prevention order (209A order), G. L. c. 209A, § 7.  On appeal, the defendant argues that his conviction should be reversed because he was unfairly prejudiced by the admission of the return of service of the 209A order, references in the prosecutor's closing argument to "admissions" by the defendant, and evidence that the defendant was arrested.  We affirm.

Background.  We summarize the facts as the jury could have found them.  On November 3, 2021, the victim was in the law library of the Lowell District Court conducting legal research. She had a valid 209A order against the defendant.  The defendant

subsequently also entered the law library to conduct legal research. The victim testified that the defendant came up in close proximity behind her and touched her shoulders with his hands. She could feel his breath on her when he spoke. He told her "like, 'What are you doing here? You're not supposed to be here.'"

There was uncertainty in the evidence regarding what statement the defendant made next and to whom it was directed. The victim testified that the defendant looked straight at her and told her that "he wanted to talk to [the librarian] first." She testified that his demeanor was aggressive when he shouted, "I asked her first."

The law librarian, who was familiar with the defendant and the victim, came out of her office and approached the reference desk near where the victim was sitting. She testified that the defendant asked to speak with her outside and the victim asked if the librarian would come over to where she was sitting. The librarian testified that the defendant "said, 'I asked her first,' but it could also have been, 'I asked you first.'" On cross-examination she testified that she was not sure which it was. She testified she was "[n]ot 100 percent [sure], no. I think he said, 'I asked her first,' but I don't remember." The defendant was between five to ten feet away from the victim during this interaction. Upon the defendant's request, the

defendant and the librarian then went outside the law library. The defendant asked the librarian to print out a statute for him. She did so while he waited outside. The jury took a view of the scene.

The complainant contacted the court officers, who responded to the scene for a report of a 209A violation. Upon arrival, the court officers observed the defendant sitting on a bench outside the library. The officers spoke with the complainant, the librarian, and the defendant. The court officer testified that she "ended up placing [the defendant] under arrest." In response to that testimony, defense counsel requested an instruction that an arrest is not evidence of guilt but did not formally object. The judge instructed the jury as requested.

The defendant did not call witnesses or testify himself. He presented his defense through cross-examination of the witnesses, highlighting inconsistencies in testimony by the eyewitnesses. The defense's theory was that the contact was incidental.

Discussion. 1. Return of service. The defendant argues that admission of the return of service for the 209A order was testimonial and therefore violated the confrontation clause. We disagree.

"A properly completed and returned c. 209A return of service is admissible under the official or public records

3

exception to the hearsay rule, and its admission at trial absent the presence of the officer who completed it does not violate the confrontation clause of the Sixth Amendment to the United States Constitution." Commonwealth v. Shangkuan, 78 Mass. App. Ct. 827, 837 (2011). The defendant argues that we must revisit Shangkuan based on the decision in Commonwealth v. Wardsworth, clarifying that the appropriate analysis for whether a statement is testimonial is the "'primary purpose' test." 482 Mass. 454, 464 n.18 (2019). We disagree. In Shangkuan, this Court determined that the admission of a 209A order does not violate the confrontation clause because "the primary purpose for which the return of service [of a 209A order] was created is to serve the routine administrative functions of the court system," and not "for the purpose of establishing or proving some fact at a potential future criminal trial." 78 Mass. App. Ct. at 833. The analysis in Shangkuan is therefore in accord with Wardsworth. Accordingly, the return of service was properly admitted.

2. Closing argument. The defendant argues that the prosecutor's statements in closing that the defendant "admitted" to speaking to the complainant constitute prejudicial error because they were not grounded in the record.[1] Because the

---

[1] The defendant further argues that the statements therefore implicate the defendant's decision not to testify. See

4

defendant objected, we review for prejudicial error.  "[T]he error is nonprejudicial only if [the appellate court is] sure that the error did not influence the jury, or had but very slight effect."  Commonwealth v. Alvarez, 480 Mass. 299, 305 (2018) (quotation omitted).

In closing, prosecutors may argue the evidence and reasonable inferences therefrom.  Commonwealth v. Kozec, 399 Mass. 514, 516 (1987).  The victim had testified that the defendant said he asked the librarian first.  The prosecutor marshaled that evidence and also argued the alternative scenario presented by the defendant, that he was directing his comment, by "his own admission," to the librarian.  The defendant's counsel asserted in the opening statement and closing argument that after the defendant realized the victim was present, he spoke to the librarian.  While it might have been better phrased had the Commonwealth referenced the admission in the defendant's opening or closing, we discern no error and certainly no prejudicial error.  The defendant may have been surprised to encounter the victim at the law library, but the jury properly

---

Commonwealth v. Cruz, 98 Mass. App. Ct. 383, 391 (2020) (remarks in prosecutor's closing argument improper where they are "reasonably susceptible of being interpreted as a comment on the defendant's failure to take the stand" [quotation omitted]).

could have found that he did not immediately withdraw to a distance farther than the distance required by the 209A order.

3. _Testimony the defendant was arrested_. Finally, the defendant argues that the admission of evidence that he was arrested was unfairly prejudicial. The defendant did not object to the testimony. Rather, he requested a jury instruction that arrest is not any evidence of guilt, which was given. Accordingly, we review for a substantial risk of a miscarriage of justice. See Commonwealth v. Desiderio, 491 Mass. 809, 810 (2023).

Because the police officer's testimony that she "ended up placing [the defendant] under arrest" was irrelevant and unfairly prejudicial, we agree that it was error to admit it. See Commonwealth v. McDonagh, 480 Mass. 131, 140 (2018) (evidence of defendant's arrest for possession of child pornography is prior bad act); Commonwealth v. DaSilva, 471 Mass. 71, 81 (2015) (evidence about what grand jury considers in deciding to charge defendant irrelevant because it had no evidentiary value and therefore should have been struck).

However, the error did not amount to a miscarriage of justice. Upon request of counsel, the judge instructed the jury simply but directly that arrest is not evidence of guilt. He instructed the jury that:

6

> "the fact that the [d]efendant may have been arrested in the case is not in any way evidence of the [d]efendant's guilt. You can't draw any kind of inference of guilt against [the defendant] from the mere fact that the police placed him under arrest, and I tell you that as a matter of law."

This instruction was adequate to mitigate any possible prejudice to the defendant. See Commonwealth v. Telcinord, 94 Mass. App. Ct. 232, 243 (2018) (jury instructions that evidence of complaint against defendant was not evidence, defendant entitled to presumption of innocence, countered prejudice from evidence that defendant was arrested). See also Commonwealth v. Salazar, 481 Mass. 105, 118 (2018), quoting Commonwealth v. Hernandez, 473 Mass. 379, 392 (2015) (no prejudice where "the judge properly instructed the jury . . . and it is well-established that 'the [j]ury are presumed to follow instructions'"). Further, the testimony regarding the defendant's arrest was brief and passing. See Commonwealth v. Roby, 462 Mass. 398, 409 (2012) (brevity of inadmissible testimony factor in considering risk of miscarriage of justice); Commonwealth v. Connors, 447 Mass. 313, 320-321 (2006) (no prejudice to defendant where evidence "contained a brief reference to" prior bad act "without

any accompanying detail" and was cumulative of other evidence before jury).

Judgment affirmed.

By the Court (Green, C.J.,
  Henry & Ditkoff, JJ.[2]),

*Paul Little*

Clerk

Entered:  August 8, 2024.

---

   [2] The panelists are listed in order of seniority.

8