NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-265

COMMONWEALTH

vs.

JULIO C. JOAQUIN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Julio C. Joaquin, appeals from a judgment of conviction, after a jury trial in the District Court, for violating a G. L. c. 209A abuse prevention order.  We affirm.

1.  Impeachment by prior conviction.  More than a decade before trial, the plaintiff on the underlying c. 209A order, who testified at trial, pleaded guilty to a charge of armed robbery. The defendant moved in limine to use the conviction to impeach the plaintiff's credibility.  The only evidence of the conviction presented at trial was a printout of the electronic docket sheet.  The judge denied the motion because the defendant did not offer a certified copy of the court record.  The

defendant argues that the judge's denial of the motion was reversible error.

Under G. L. c. 233, § 21, a criminal conviction may be used to impeach a witness's credibility so long as the statutory requirements regarding the nature of the offense, the disposition, and the age of the conviction are met.  See Commonwealth v. Harris, 443 Mass. 714, 720 (2005).  If those requirements are met, "the decision whether to admit evidence of prior convictions to impeach a witness involves an exercise of discretion by the judge" (quotation and citation omitted).  Commonwealth v. Leftwich, 430 Mass. 865, 869 (2000).  "In order to impeach a witness by a criminal conviction, the conviction must be proved by a court record or a certified copy."  Commonwealth v. Puleio, 394 Mass. 101, 104 (1985).  See Mass. G. Evid. § 609(a) (2024).

The defendant argues that the judge had the discretion to permit him to impeach the plaintiff with the printout, and that the judge abused his discretion by not acknowledging he had such discretion.  We need not address the issue.  Assuming without deciding that there was error, and further assuming that the standard of review most favorable to the defendant applies, any error was harmless beyond a reasonable doubt.

The plaintiff testified favorably to the defendant.  On cross-examination she freely admitted that she initiated contact

2

with the defendant by sending him more than fifty text messages, that she asked him to come to her apartment, that she was drunk, and that she was aggravated when he left. (She had previously testified on direct that she called the police because she was mad at the defendant for leaving rather than staying to argue with her.) She also testified that the defendant's first language was Spanish. Her testimony completely supported the defendant's trial strategy, and defense counsel ably used her testimony in support of his closing argument. In short, the defendant had nothing to gain by challenging the plaintiff's credibility. Moreover, her testimony was not necessary to prove the defendant's conduct that violated the order; the conviction could stand based solely on the testimony of the responding police officer, who apprehended the defendant within ten yards of the plaintiff's apartment.

2. Sufficiency of the evidence. The defendant argues that the Commonwealth failed to prove the requisite mens rea for the offense, because the plaintiff invited him to violate the order, and failed to prove that he had knowledge of the order's terms, because of his limited English proficiency.

The c. 209A order, which was admitted as an exhibit, required the defendant to stay at least one hundred yards away from the plaintiff and not to contact her "even if [she]

3

seem[ed] to allow or request contact."[1]  It plainly stated, in

boldface, capital letters that "violation of this order is a

criminal offense," and included a warning, in ten languages,

including Spanish, that it was a court order and that recipients

who did not understand English should get it translated.  It

included a certificate of service showing that the order was

delivered to the defendant by hand.[2]

The Commonwealth's burden was to show that "(1) there was

an abuse prevention order in effect; (2) the defendant knew of

the terms of the order; and (3) he violated the provision of the

order which prohibited certain contact."  Commonwealth v. Silva,

431 Mass. 194, 199 (2000).  That the plaintiff invited him to

make contact is irrelevant.  Proof of a violation of a c. 209A

order "requires no more knowledge than that the defendant knew

of the order."  Commonwealth v. Delaney, 425 Mass. 587, 596

(1997), cert. denied, 522 U.S. 1058 (1998).  There are no

"additional mens rea requirements."  Id. at 596-597.  "Proof

---

[1] "The order was not ambiguous to a person of ordinary intelligence."  Commonwealth v. Silva, 431 Mass. 194, 198 (2000).

[2] The defendant was not deprived of any right to cross-examine the officer who served the order.  The return of service is nontestimonial, and its use in enforcing an ex parte order raises no due process or confrontation clause issues.  See Commonwealth v. Shangkuan, 78 Mass. App. Ct. 827, 834 (2011), which itself involved service of an ex parte order by an out-of-State police officer.

4

that the defendant had an unlawful purpose . . . was not necessary."  Silva, supra.

Notwithstanding the defendant's claim of limited English proficiency, the evidence was sufficient to show that he had knowledge of the order's terms.  The certificate of service established that he had notice of the order.  See Commonwealth v. Henderson, 434 Mass. 155, 164 (2001); Commonwealth v. Olivo, 369 Mass. 62, 70 (1975); Commonwealth v. Shangkuan, 78 Mass. App. Ct. 827, 830-831, 834 (2011).  The evidence also permitted the jury to conclude that the defendant understood English well enough to grasp its basic terms.  At least one of the text messages between the defendant and the plaintiff was in English. The defendant completed the entire booking process in English without an interpreter.[3]  Even if the defendant did not understand English, "in-hand service of an official order by a constable was sufficient to put a reasonable person on notice that the order was important and, if not understood, required translation."  Olivo, 369 Mass. at 70.  The defendant "cannot rely on [his] failure to have the [order] translated, and [his] resulting ignorance of the actual facts, to avoid criminal conviction."  Id. at 71.

---

[3] Although an interpreter's services were used at trial, defense counsel informed the judge that the defendant "speaks pretty good English, but we have an interpreter because of legal jargon and that type of thing."

5

3.  Claim of biased juror.  The defendant argues for the first time on appeal that by seating a juror who was an acquaintance, and then assigning that juror to be the presiding juror during deliberations, the judge created a biased jury amounting to structural error.  The defendant has not cited, nor are we aware of, any case holding that it is error to seat a juror who is a friend or acquaintance of the trial judge.  Furthermore, nothing in the record suggests that the juror's acquaintance with the judge made the juror any more likely to convict the defendant.  During jury selection, the judge asked the juror if he could "be fair to both sides in this matter" and "[d]ecide this case based solely on the evidence."  The juror answered in the affirmative, and defense counsel did not object to the juror being seated.  During the final charge, the judge instructed the jury to decide the case solely on the evidence and stated, "You should not consider anything I have said or done during the trial as any indication of my opinion as to how you should decide the defendant's guilt or innocence."  We discern no error, let alone a substantial risk of a miscarriage of justice.

4.  Due process claim.  The defendant argues that prosecuting him for violating a temporary c. 209A order obtained ex parte violates fundamental principles of due process. The issue is not properly before us.  The defendant did not raise

6

this constitutional challenge at any time in the trial court, and "a defendant may not argue for the first time on appeal that a statute is unconstitutionally applied." Commonwealth v. Laskowski, 40 Mass. App. Ct. 480, 482 (1996). In any event, the cases the defendant relies upon arise in the context of contempt proceedings and concern the court's inherent power to vindicate its own authority. Prosecutions under c. 209A involve violations of court orders made criminally punishable by an act of the Legislature.[4]

Judgment affirmed.

By the Court (Green, C.J.,
 Vuono & Massing, JJ.[5]),

*Paul Little*

Clerk

Entered: August 29, 2024.

---

[4] We do not reach the issues raised for the first time in the defendant's reply brief. See Mass. R. A. P. 16 (c), as appearing in 481 Mass. 1631 (2019); Commonwealth v. Hampton, 64 Mass. App. Ct. 27, 33 n.8 (2005).

[5] The panelists are listed in order of seniority.