NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1242

COMMONWEALTH

vs.

MARISSA WORK.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of violating a harassment prevention order. See G. L. c. 258E, § 9. On appeal, she claims there was insufficient evidence to support her conviction and that the admission of the return of service violated her confrontation clause rights. We affirm.

1. Sufficiency of the evidence. When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 475 (2008), quoting Commonwealth v. Velasquez, 48 Mass. App. Ct. 147, 152 (1999). Nor are we obligated to "reread the

record from a [defendant]'s perspective." Palmariello v.

Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 (1st Cir.),

cert. denied, 493 U.S. 865 (1989).  See Commonwealth v. Duncan,

71 Mass. App. Ct. 150, 152 (2008).  Rather, the relevant

"question is whether, after viewing the evidence in the light

most favorable to the prosecution, any rational trier of fact

could have found the essential elements of the crime beyond a

reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677

(1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979).

When evaluating sufficiency, the evidence must be reviewed

with specific reference to the substantive elements of the

offense.  See Jackson, 443 U.S. at 324 n.16; Latimore, 378 Mass.

at 677-678.  To sustain the defendant's conviction for a

violation of a harassment prevention order, the Commonwealth

must prove that:  (1) a court had issued the order; (2) the

order was in effect on the date that the violation allegedly

occurred; (3) the defendant knew the pertinent terms of the

order; and (4) the defendant violated the order.  Commonwealth

v. Kurko, 95 Mass. App. Ct. 719, 721 (2019); Commonwealth v.

Raymond, 54 Mass. App. Ct. 488, 492 (2002).

Here, the defendant takes issue with only the third element

based on her claim that the Commonwealth failed to produce the

person who served the defendant with the order.  We disagree

because service of the order placed the defendant on

2

constructive, if not actual, notice of the order's existence and its terms.

At trial, a copy of the harassment prevention order was entered into evidence as part of the Commonwealth's case. Included with the order was the "Return of Service" section, dated February 10, 2023. This page is signed by a police officer and a box is checked that states: "I certify that I have served a copy of this [o]rder upon the [d]efendant named in this [o]rder by delivering a copy in hand to the [d]efendant." Under our case law, this is sufficient evidence that the defendant was on notice of the terms of the order. See Commonwealth v. Henderson, 434 Mass. 155, 164 (2001); Commonwealth v. Crimmins, 46 Mass. App. Ct. 489, 491-494 (1999).

The defendant's claim that the Commonwealth did not prove her knowledge of the order because the return of service document violated the confrontation clause does not inform the sufficiency equation. When considering the sufficiency of evidence under Latimore, supra, our evaluation "is to be measured upon that which was admitted in evidence without regard to the propriety of the admission." Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014), quoting Commonwealth v. Farnsworth, 76 Mass. App. Ct. 87, 98 (2010). In this light, there was sufficient evidence that the defendant knew the pertinent terms of the order because it had been served on her.

3

2. Confrontation clause. The defendant also claims that because she was not allowed to confront the person who served the harassment prevention order at trial, her Sixth Amendment rights were violated. We disagree.

The resolution of this claim is controlled by Commonwealth v. Shangkuan, 78 Mass. App. Ct. 827 (2011), where we held, in the context of a G. L. c. 209A abuse prevention order, that the "completed return of service is admissible under the public records exception to the hearsay rule and that it is nontestimonial for purposes of the confrontation clause." Id. at 828. Indeed, in Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), the United States Supreme Court held that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because —- having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial —- they are not testimonial." Id. at 324.

Contrary to the defendant's claim, Commonwealth v. Parenteau, 460 Mass. 1 (2011), does not change our conclusion. In Parenteau, the Registry of Motor Vehicles certificate of suspension or revocation, which was created after the criminal complaint issued against the defendant, was plainly made for the use at the defendant's trial as proof that his license had been

4

revoked.  Id. at 8.  Here, the return of service, dated prior to issuance of the criminal complaint and prior to the date of the alleged violation, was not created to prove a future fact at the defendant's trial, which renders it nontestimonial.  The admission in evidence of the return of service did not violate the defendant's confrontation clause rights.

Judgment affirmed.

By the Court (Meade, Walsh & Hodgens, JJ.[1]),

Clerk

Entered:  October 3, 2025.

---

[1] The panelists are listed in order of seniority.