COMMONWEALTH *vs.* JEFFREY FOX.

No. 10-P-2205.

Middlesex. November 1, 2011. - February 3, 2012.

Present: CYPHER, VUONO, & RUBIN, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act. Constitutional Law,* Sex offender, Confrontation of witnesses. *Due Process of Law,* Sex offender. *Practice, Criminal,* Confrontation of witnesses. *Evidence,* Sex offender, Business record.

At the trial of a criminal complaint charging the defendant with knowingly failing to register as a sex offender, the admission in evidence of business records kept by the Sex Offender Registry Board (board), in the absence of a witness who created the records, did not violate the defendant's constitutional right to confront witnesses against him, where the records, which were kept in the ordinary course of the board's affairs, were prepared and maintained by public officials pursuant to statutory mandate, not for the purpose of establishing an essential fact at trial. [244-246]

COMPLAINT received and sworn to in the Woburn Division of the District Court Department on October 30, 2008.

The case was heard by *David W. Cunis,* J.

*J. Gregory Batten* for the defendant.

*Paul A. Trifiletti,* Special Assistant District Attorney, for the Commonwealth.

RUBIN, J. The defendant was convicted of knowingly failing to register as a sex offender. See G. L. c. 6, § 178H. On appeal, he argues that the admission of records kept by the Sex Offender Registry Board (SORB), in the absence of a SORB witness, violated his right under the Sixth Amendment to the United States Constitution to confront the witnesses against him. See *Crawford* v. *Washington,* 541 U.S. 36, 51-68 (2004).

The test for whether admission of these SORB records, in the absence of testimony from a SORB witness, was permissible under the Sixth Amendment is the now familiar one of whether

the documents are "testimonial" in nature. See, e.g., *Commonwealth* v. *Parenteau*, 460 Mass. 1, 6-10 (2011). In *Crawford*, *supra* at 56, the Supreme Court indicated that, as a general matter, business records are not testimonial. The Court expanded upon this in its decision in *Melendez-Diaz* v. *Massachusetts*, 557 U.S. 305, 324 (2009), where it said that "[b]usiness and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial."

The defendant concedes that the documents put in evidence here are kept in the ordinary course of SORB's affairs. There is no dispute that these documents, which identify the defendant as a level two sex offender, were prepared and maintained by public officials pursuant to duties imposed by G. L. c. 6, §§ 178C-178Q.[1]

The Supreme Judicial Court has recently stated that a copy of a "notice of the defendant's license revocation . . . created and kept in the ordinary course" of the registry of motor vehicles' affairs is not testimonial. *Parenteau*, *supra* at 10. Similarly, we recently determined in *Commonwealth* v. *Shangkuan*, 78 Mass. App. Ct. 827, 833-834 (2011), that a return of service filed with the court by a law enforcement officer, which demonstrated that a defendant had been served with a G. L. c. 209A order, was not testimonial. Likewise, in *Commonwealth* v. *Weeks*, 77 Mass. App. Ct. 1, 5-8 (2010), we held that certified records of convictions were not testimonial. In each case, we concluded that the documents were created "for the administration of an entity's affairs" rather than "for the purpose of establishing or proving some fact at trial." *Melendez-Diaz*, *supra*.

The same is true of the SORB documents at issue here. The documents were not created for the "purpose of establishing an essential fact at trial." See *Parenteau*, *supra*. These records are

---

[1]The documents include a card displaying the defendant's fingerprints; copies of letters sent to the defendant stating his classification level (i.e., level two), explaining his rights, and detailing his responsibilities, including his responsibility to register; as well as registration information that is available to law enforcement and to others upon proper request, as authorized by law.

maintained for administrative purposes, such as keeping an updated registry of biographical data regarding sex offenders, including their names, photographs, fingerprints, and addresses, so that the public may obtain information about dangerous sex offenders who live or work in each community, and so that law enforcement can access and distribute information about sex offenders to prevent further victimization. See G. L. c. 6, § 178D. Nor is "the regularly conducted business activity" of SORB for which these documents were created "the production of evidence for use at trial." *Melendez-Diaz, supra* at 321. While the documents at issue here may contain evidence that in some cases will be necessary to sustain a criminal conviction, the same could be said of the documents described in *Parenteau, Weeks,* and *Shangkuan.* The introduction of the SORB records at issue here in the absence of a SORB witness did not violate the Sixth Amendment.

*Judgment affirmed.*