COMMONWEALTH vs. KERRY VANN BELL.[1]

No. 11-P-1139.

Worcester. June 6, 2012. - January 11, 2013.

Present: TRAINOR, GRAINGER, & MEADE, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act. Constitutional Law,* Sex offender, Confrontation of witnesses. *Due Process of Law,* Sex offender. *Evidence,* Sex offender, Criminal records, Prior conviction, Business record. *Practice, Criminal,* Confrontation of witnesses.

At the trial of an indictment charging the defendant with failing to register as a sex offender, the inchoate Nevada crime of attempted child sexual assault was sufficiently similar to the inchoate Massachusetts crime of attempted rape of a child to meet the "like violation" requirement for registration purposes. [84-88] GRAINGER, J., dissenting.

At the trial of an indictment charging the defendant with failing to register as a sex offender, sufficient evidence was presented to permit the conclusion that the defendant knowingly failed to register as a sex offender. [88-89]

At the trial of an indictment charging the defendant with failing to register as a sex offender, the admission in evidence of a Texas sex offender registry document did not violate the defendant's constitutional right to confront witnesses against him, where the document in question was not testimonial, in that it was created for the administration of the Texas entity's affairs and not for the purpose of establishing or proving some fact at trial. [89-90]

INDICTMENT found and returned in the Superior Court Department on October 13, 2006.

The case was heard by *James R. Lemire,* J.

*Brandon L. Campbell* for the defendant.

*Susan M. Oftring,* Assistant District Attorney, for the Commonwealth.

MEADE, J. After a jury-waived trial, the defendant was convicted of failing to register as a sex offender in violation of

---

[1]We spell the defendant's name as it appears in the indictment. Despite the difference in the spelling of the defendant's name in *Commonwealth* v. *Bell,* 455 Mass. 408 (2009), and *Bell* v. *State,* 105 Nev. 352 (1989), there is no dispute that the defendant here is the same defendant as in those cases.

G. L. c. 6, § 178H(*a*). On appeal, he claims that there was insufficient evidence to support his conviction, and that the admission in evidence of a Texas sex offender registry document violated his right to confrontation under the Sixth Amendment to the United States Constitution. We affirm.

1. *Background.* The defendant stipulated that in 1988 he had been convicted of a 1985 attempted child sexual assault in Nevada,[2] and a certified record of that Nevada conviction was admitted in evidence without objection. The defendant also stipulated that at the time of his 2004 arrest in Massachusetts, he had not registered as a sex offender in the Commonwealth.[3]

At trial, the defendant's former wife identified him and testified that she met him through the Internet. At the time, she was residing in Texas and he was in Nevada. The two were married in Texas in 2000 and resided there. In 2002, they moved to Massachusetts.

The defendant's former wife was familiar with his signature, and she identified it on two Nevada sex offender registration forms. She also identified the defendant's signature on six separate Texas sex offender registration forms.[4] These forms were admitted in evidence over the defendant's objections based on relevance and the confrontation clause.

2. *Discussion.* a. *Sufficiency of the evidence.* The defendant claims that the evidence was insufficient to support his conviction. "When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt' (emphasis in original). *Commonwealth* v. *Velasquez*, 48 Mass. App. Ct. 147, 152 (1999), quoting from *Jackson* v. *Virginia*, 443 U.S. 307, 318-319 (1979). See *Commonwealth* v. *Hartnett*, 72 Mass. App. Ct. 467, 475 (2008). Rather, the relevant 'question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'

[2]See *Bell* v. *State*, 105 Nev. 352 (1989).

[3]The indictment identifies the date of the offense of failing to register as March 25, 2004.

[4]Portions of these documents were redacted at the defendant's request.

(emphasis in original). *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting from *Jackson* v. *Virginia, supra.*" *Commonwealth* v. *Romero*, 80 Mass. App. Ct. 791, 794 (2011), quoting from *Commonwealth* v. *Pixley*, 77 Mass. App. Ct. 624, 630 (2010).

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense. See *Jackson* v. *Virginia, supra* at 324 n.16; *Commonwealth* v. *Latimore, supra* at 677-678. In the circumstances of this case, to establish the defendant's guilt of failure to register as a sex offender in violation of G. L. c. 6, § 178H(*a*), the Commonwealth was required to prove that the defendant (1) had been convicted of a listed Massachusetts "sex offense" or a "like violation" in another jurisdiction, in accordance with G. L. c. 6, § 178C; (2) was a resident of Massachusetts; (3) failed to register in Massachusetts; and (4) failed to do so knowingly. See *Commonwealth* v. *Becker*, 71 Mass. App. Ct. 81, 85-89, cert. denied, 555 U.S. 933 (2008).

(i) "*Like violation.*" In this Commonwealth, a "sex offender" includes any resident who has been convicted of a "sex offense," which is defined as either a violation of a Massachusetts statute enumerated in the sex offender registry law, or "a like violation of the laws of another state." G. L. c. 6, § 178C, as appearing in St. 1999, c. 74, § 2. Any sex offender moving into the Commonwealth from another State must, within two days of his arrival, register with the Sex Offender Registry Board (board). See G. L. c. 6, § 178E(*g*). The defendant claims that he is not a "sex offender" because his Nevada conviction of attempted child sexual assault was not a "sex offense," as it did not constitute a "like violation" of one of the enumerated Massachusetts offenses.

The defendant does not contest that the Massachusetts crime of rape of a child in violation of G. L. c. 265, § 22A, an offense listed in § 178C, is sufficiently similar to the Nevada crime of sexual assault against a child in violation of Nev. Rev. Stat. § 200.366 (2011),[5] for purposes of G. L. c. 6, § 178E(*g*).

---

[5]The current Nevada statutes cited in this opinion do not vary in material respects from those in effect in 1985 at the time of the defendant's crime of attempted child sexual assault.

Moreover, an attempt pursuant to G. L. c. 274, § 6, to commit a Massachusetts offense listed in § 178C is itself a listed offense. Here, however, the defendant claims that the inchoate crimes of attempt in each jurisdiction are not sufficiently similar to meet the "like violation" standard for registration purposes. We disagree.

The sex offender registration statute does not define the term "like violation," but the Supreme Judicial Court has endorsed this court's view of the matter. "A 'like violation' is a conviction in another jurisdiction of an offense of which the elements are the same or nearly the same as an offense requiring registration in Massachusetts. The elements of the offense in another jurisdiction need not be precisely the same as the elements of a Massachusetts sex offense in order for it to constitute a 'like violation.' " *Doe, Sex Offender Registry Bd. No. 151564* v. *Sex Offender Registry Bd.*, 456 Mass. 612, 615-616 (2010) (*Doe No. 151564*), citing *Commonwealth* v. *Becker, supra* at 87. This definition was chosen because the Legislature did not intend that the crimes be identical, but only that they be "like" one another. *Doe No. 151564, supra* at 616.

Under Nevada law, an "attempt" is an "act done with the intent to commit a crime, and tending but failing to accomplish it." Nev. Rev. Stat. § 193.330 (2011). The elements of an attempt in Nevada are "(1) an intent to commit a crime, (2) performance of some overt act towards its commission, and (3) failure to consummate its commission." *Larsen* v. *State*, 86 Nev. 451, 453 (1970). See *Bell* v. *State*, 105 Nev. 352, 354 (1989). Under Massachusetts law, "[w]hoever attempts to commit a crime by doing any act toward its commission, but fails in its perpetration, or is intercepted or prevented in its perpetration," is guilty of attempting to commit a crime. G. L. c. 274, § 6. "The elements required for a finding of attempt are (1) specific intent, (2) an overt act, and (3) nonachievement of the substantive crime." *Commonwealth* v. *Bell*, 455 Mass. 408, 412 (2009), citing *Commonwealth* v. *Ortiz*, 408 Mass. 463, 470 (1990). See *Commonwealth* v. *Buswell, ante* 1, 5 (2012). As can be seen, the elements for an attempt are the same in both jurisdictions. Both require a specific intent to commit the underlying offense, an overt act towards that commission, and a failure to complete the crime.

An additional common denominator of an attempt is the use of a proximity approach in both jurisdictions. In the defendant's Nevada case, the Nevada Supreme Court noted that "most cases upholding attempt convictions do involve situations in which there was a physical or dangerous proximity to successfully committing the crime." *Bell* v. *State*, 105 Nev. at 354. Moreover, under Nevada law, "mere preparation to commit a crime is insufficient to constitute an attempt." *Ibid.* In Massachusetts, the same is true. "[W]e look to the actions left to be taken, or the 'distance or gap between the defendant's actions and the (unachieved) goal of the consummated crime — the distance must be relatively short, the gap narrow, if the defendant is to be held guilty of a criminal attempt.' " *Commonwealth* v. *Bell*, *supra* at 415, quoting from *Commonwealth* v. *Hamel*, 52 Mass. App. Ct. 250, 258 (2001). "That an overt act although coupled with an intent to commit the crime commonly is not punishable if further acts are contemplated as needful, is expressed in the familiar rule that preparation is not an attempt. But some preparations may amount to an attempt. It is a question of degree." *Commonwealth* v. *Peaslee*, 177 Mass. 267, 272 (1901) (Holmes, C.J.). To determine what conduct constitutes a sufficient overt act, a court is required to "determine if the evidence of preparations taken by the defendant proceeded sufficiently close to the substantive crime to amount to an attempt. Factors to take into account in determining how proximate the overt act must be to the commission of the substantive offense are the gravity of the crime, the uncertainty of the result, and the seriousness of any threatened danger." *Commonwealth* v. *Bell*, *supra* at 414.[6]

Focusing on one aspect of his Nevada case, the defendant (as does the dissent) points out that under Nevada law, "when the design of a person to commit a crime is clearly shown, slight acts done in furtherance of that crime will constitute an attempt."

---

[6]The dissent claims the Nevada Supreme Court has rejected the proximity approach in *Bell* v. *State*, 105 Nev. at 354-355. *Post* at 91. A closer examination of this portion of the court's opinion reveals only that it rejected Bell's *argument* based on the proximity approach, not the approach itself. Even if the dissent's reading is correct, that view boils down to the same claim that because an attempt (in some circumstances) is easier to establish in Nevada than it is in Massachusetts, the offenses are not "like" offenses. As explained below, we do not share that view.

*Bell* v. *State*, 105 Nev. at 354. In Nevada, as the evidence of intent is more clear, less evidence of an overt act in furtherance of that intent is required to constitute an attempt. *Id.* at 355. From this, the defendant argues that because our law is more stringent than Nevada law, a person could be convicted in Nevada of an attempt based on conduct that could lead to an acquittal in the Commonwealth. In support, the defendant relies on a sentence in *Doe No. 151564*, 456 Mass. at 616, where the court stated that "we consider the 'like violation' requirement satisfied where it is shown that the proof necessary for the out-of-State conviction would also warrant a conviction of a Massachusetts offense for which registration is required."

However, the Supreme Judicial Court did not hold that this was the *only* way the 'like violation' requirement could be satisfied. Indeed, *Doe No. 151564* is a very different case from the instant matter. In *Doe No. 151564*, the Maine and Massachusetts statutes differed in the elements required to prove the crime at issue. At bottom, these differences were deemed inconsequential because both statutory formulations "prohibit essentially the same conduct." *Id.* at 617. Here, the elements are identical, and both statutory formulations "prohibit essentially the same conduct." *Ibid.* Where we are to focus on the essence of the crime at issue rather than require a "like violation" to have identical elements, it would make little sense to then insist that the Commonwealth establish that in every respect the proof required for each element of the offense in each jurisdiction must be identical.

Furthermore, the dissent maintains that the greater stringency with which Massachusetts defines an attempt can lead to an acquittal in the Commonwealth for behavior identical to that resulting in a Nevada conviction. *Post* at 93. This possibility is not only hypothetical, but unlikely. See *Bell* v. *State*, 105 Nev. at 354. In fact, this concern is unwarranted because an analysis of the "essence" of the two crimes leads to the conclusion that they are the same or nearly so. Were it otherwise, to protect against the occurrence of the dissent's hypothetical, the board would have to examine the conduct underlying the out-of-State conviction. This, however, has been prohibited by the Supreme Judicial Court as "contrary to the obvious intent of the Legislature

to treat sex offenses in the same manner regardless of where the offenses were committed."[7] *Doe No. 151564, supra* at 619. In a similar vein, it would defeat the purpose of the statute to permit a hypothetical set of circumstances to defeat the registration requirement when we are evaluating the similarity of qualifying offenses rather than quintessential types of conduct.

In fact, this case is a prime example of why we cannot look beyond the essence of the crimes, because for purposes of an attempt "[e]very question of proximity must be determined by its own circumstances." *Commonwealth* v. *Kennedy,* 170 Mass. 18, 22 (1897) (Holmes, J.). To demur, as the dissent does, because some "slight acts" in some narrow circumstances might be an attempt in Nevada and not here places any crime of attempt in Nevada beyond our registration law. To do so leaves meaningless the Legislature's choice of the word "like" over one meaning "identical," as well as the idea that we are to be evaluating the "essence" of the crimes for sufficient similarity, not searching for genetic clones.[8]

(ii) *"Knowingly."* The defendant also claims that the Commonwealth failed to present sufficient evidence that the defendant knowingly failed to register as a sex offender. We disagree. More specifically, the defendant claims there was no evidence that the board or any government entity notified him that he had a duty to register in Massachusetts. However, neither the statute

[7]If permitted, such an examination in this case would quite likely yield the conclusion that the actions underlying the defendant's Nevada attempt would have supported an attempt conviction under Massachusetts law as well. Compare *Commonwealth* v. *Buswell, supra* at 5, with *Bell* v. *State,* 105 Nev. at 353, 355. See also *Commonwealth* v. *Buswell, supra* at 6-9, distinguishing *Commonwealth* v. *Bell,* 455 Mass. at 415-417.

[8]Contrary to the defendant's claim, he does not benefit from the rule of lenity where there is no ambiguity in the "like violation" language at issue, and no substantial question that the Nevada crime is a qualifying sex crime in the Commonwealth. See *Doe No. 151564,* 456 Mass. at 618-619. Also, the defendant's claim, raised for the first time on appeal, that a novel statutory interpretation is being applied retroactively to him in violation of his State and Federal due process rights, besides being waived, see *Commonwealth* v. *Becker,* 71 Mass. App. Ct. at 93, has no merit where our straightforward reading of the sex offender registration statute is not "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." *Santiago* v. *Commonwealth,* 428 Mass. 39, 43 (1998), quoting from *Stokes* v. *Commonwealth,* 368 Mass. 754, 773 (1975).

nor our case law imposes such a burden on the government when a sex offender relocates here. In fact, the Legislature has put the burden on the defendant to comply with registration requirements. G. L. c. 6, § 178E(*g*). Cf. *Roe* v. *Attorney Gen.*, 434 Mass. 418, 428-429 (2001) ("Procedural due process does not require the board to send out notices of hearings to persons before it may require those persons to cooperate in telling the board where notices should be sent").

The defendant also claims that the forms he signed in Nevada and Texas were not sufficient to demonstrate that he knew he had a duty to register as a sex offender in Massachusetts. We disagree. In the light most favorable to the Commonwealth, this evidence demonstrated that the defendant was informed of his requirement to register in Nevada as a result of his conviction of attempted sexual assault, and that he did so register. The evidence also revealed that when the defendant moved to Texas, he registered there as a sex offender based on his Nevada conviction. Also, in Texas, the defendant signed the Texas sex offender registration form, which stated that he understood the requirements of Texas law, including registering in another State should he move. From this evidence, the judge was entitled to draw the permissible inference that the defendant knew he had to register in Massachusetts. See *Commonwealth* v. *Ramirez*, 69 Mass. App. Ct. 9, 12 (2007). The motion for a required finding of not guilty was properly denied.

b. *Confrontation.* The defendant claims that the admission in evidence of a Texas sex offender registry document violated his Sixth Amendment right to confrontation.[9] We disagree. After the defendant filed his brief in this case, we held in *Commonwealth* v. *Fox*, 81 Mass. App. Ct. 244, 245-246 (2012), that the admission in evidence of the board's records kept in the ordinary course of the board's affairs, in the absence of a witness who created them, did not violate the confrontation clause because

[9]Although the defendant objected at trial on confrontation grounds, the thrust of his argument was that the document was not relevant. He did not argue at trial that this document does not qualify as a business record. On appeal, he claims that it does not matter whether it is admissible as a business record. Any argument that the document does not constitute a business record is therefore waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

the records were not testimonial. The same is true here. The Texas records were certified documents created on forms produced by the crimes record service of the Texas Department of Public Safety. The document in question states it is to be used "for sex offender registrant purposes only." As in *Fox*, we conclude that the document was created "for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial." *Id.* at 245, quoting from *Melendez-Diaz* v. *Massachusetts*, 557 U.S. 305, 324 (2009).

*Judgment affirmed.*


GRAINGER, J. (dissenting in part). The Commonwealth asserts, and the majority accepts, the proposition that Nevada and Massachusetts have established similar standards to prove criminal attempt, and therefore that the two States have established a "like violation." It is axiomatic, however, that before one can claim the existence of an out-of-State "like violation," one must first establish the existence of a violation in the Commonwealth. Where, as here, an individual can be convicted of criminal attempt in Nevada for conduct that, if charges were brought, would require acquittal in Massachusetts, there is a fundamental disparity. I therefore respectfully dissent from that portion of the majority opinion.

Both States require the same three threshold elements for a conviction: (1) the intent to commit the crime, (2) an act performed in furtherance of the crime, and (3) a failure to consummate the crime. Compare Nev. Rev. Stat. § 193.330 (2011) with G. L. c. 274, § 6.[1] This, however, does not address the gravamen of the defendant's appeal, which points to the difference in proof required in the two States for the second element — the act in furtherance.

---

[1]Specifically, Nevada defines an attempt as "[a]n act done with the intent to commit a crime, and tending but failing to accomplish it." Nev. Rev. Stat. § 193.330 (2011). In the Massachusetts enunciation of the crime, "[w]hoever attempts to commit a crime by doing any act toward its commission, but fails in its perpetration, or is intercepted or prevented in its perpetration," is guilty of attempt. G. L. c. 274, § 6. In Massachusetts, unlike Nevada, the element of intent is stated explicitly only in decisional law. See *Commonwealth* v. *Dixon*, 34 Mass. App. Ct. 653, 655 (1993), citing *Commonwealth* v. *Ortiz*, 408 Mass. 463, 470 (1990).

In Nevada, "when the design of a person to commit a crime is clearly shown, *slight acts* done in furtherance of that crime *will constitute an attempt*" (emphasis added). *Bell* v. *State*, 105 Nev. 352, 354 (1989). See *Larsen* v. *State*, 86 Nev. 451, 454 (1970). The more clearly intent is demonstrated, the more easily a slight act will satisfy the requirement of an act in furtherance. Thus, in Nevada, an "inverse relationship . . . exists between the defendant's intent to commit the crime and the performance of an overt act toward the commission of the crime." *Bell* v. *State*, 105 Nev. at 355.[2]

While Massachusetts has adopted the so-called "proximity" test, Nevada has rejected its invocation. Specifically, the Nevada Supreme Court has rejected the argument made by this same defendant (in seeking to overturn the Nevada conviction) that, because actual convictions of attempt in Nevada generally have involved more acts in furtherance than those with which he was charged, Nevada has adopted a so-called "proximity approach" like that of Massachusetts. *Id.* at 354-355. Thus, where the defendant had stipulated to his intent to commit sexual assault upon the victim, evidence that he had done no more in Nevada than purchase Vaseline and then driven in the direction of an apartment where he believed the victim was waiting "sufficed for attempt liability" in his out-of-State conviction. *Id.* at 355. This approach is in stark contrast to the Massachusetts requirement of a "present opportunity" to commit the crime, *Commonwealth* v. *Bell*, 455 Mass. 408, 415 (2009), with no need for "further acts." *Commonwealth* v. *Peaslee*, 177 Mass. 267, 272 (1901).

Under the standard first formulated by Chief Justice Holmes, our State requires "a showing that the defendant, after preparing to commit the crime, has undertaken overt acts toward fulfilling the crime that 'come near enough to the accomplishment of the substantive offence to be punishable.' " *Commonwealth* v. *Bell*, *supra* at 412, quoting from *Commonwealth* v. *Peaslee*, *supra* at 271. In a fact-specific inquiry, the courts in

---

[2]Conversely, in Massachusetts, "[t]he law must be careful not to overplay the role of intention in such an inchoate crime as attempt, lest the result be precisely to punish the mere possession of a sinful mind." *Commonwealth* v. *Hamel*, 52 Mass. App. Ct. 250, 257 (2001).

Massachusetts are to analyze "the distance or gap between the defendant's actions and the (unachieved) goal of the consummated crime — the distance must be relatively short, the gap narrow, if the defendant is to be held guilty of a criminal attempt." *Commonwealth* v. *Hamel*, 52 Mass. App. Ct. 250, 258 (2001). The Commonwealth must prove that the defendant possessed an intent to commit the crime "at a time and place where he was able to carry it out." *Commonwealth* v. *Ortiz*, 408 Mass. 463, 472 (1990), quoting from *Commonwealth* v. *Peaslee, supra* at 273-274. "In Massachusetts, a defendant must have the present opportunity to commit the substantive crime." *Commonwealth* v. *Bell, supra* at 415. Simply expressed, under our cases an overt act does not suffice "if further acts are contemplated as needful." *Commonwealth* v. *Fortier*, 56 Mass. App. Ct. 116, 122 (2002), quoting from *Commonwealth* v. *Peaslee, supra* at 272.

We are thus required to contrast the sufficiency of Nevada's "slight act" with our own requirement of a "present opportunity" to commit the crime with only a "narrow gap" dividing the attempt from culmination, and without any need for "further acts." This disparity is contrary to our registry law's requirement that both State statutes "prohibit essentially the same conduct." *John Doe, Sex Offender Registry Bd. No. 151564* v. *Sex Offender Registry Bd.*, 456 Mass. 612, 617 (2010) (*Doe No. 151564*).

Nevada's law of attempt, unlike our own, has been recognized by Federal courts to impose the same standard as Federal common law and the Model Penal Code. See *United States* v. *Sarbia*, 367 F.3d 1079, 1086 (9th Cir.), cert. denied, 543 U.S. 912 (2004); *United States* v. *Saavedra-Velazquez*, 578 F.3d 1103, 1107-1108 (9th Cir. 2009), cert. denied, 130 S. Ct. 1547 (2010). By contrast and with reference to our own law, we have explicitly noted that "[t]he [Model Penal] Code abandons a proximity-of-conduct standard and accepts less stringent signs of personal dangerousness to ground convictions for criminal attempt. . . . The Code thus tends to broaden the base of criminal contempt, to make convictions easier to reach." *Commonwealth* v. *Hamel, supra.*[3]

That which we have previously recognized is in any event

_____

[3]Justice Kaplan's decision in *Hamel* quotes with approval Justice Holmes's

clear from the language of our law on attempt — the significantly greater stringency of Massachusetts law. Because our law would require acquittal in the Commonwealth for behavior identical to that resulting in a Nevada attempt conviction, it fails the test for registration recently enunciated by the Supreme Judicial Court:

> "[W]e consider the 'like violation' requirement satisfied where it is shown that the proof necessary for the out-of-State conviction would also warrant a conviction of a Massachusetts offense for which registration is required."

*Doe No. 151564, supra* at 616.[4]

Our law does not require registration as a sex offender for a standard of behavior that is not criminal in Massachusetts. Had the Legislature desired such a result, it was free to dispense with the "like violation" formulation and simply require registration in Massachusetts for conviction elsewhere of a sexual offense requiring registration in any other jurisdiction. At least fourteen other States have adopted this approach; Massachusetts has not.[5]

---

characterization of attempt as "so near to the result that if coupled with an intent to produce that result, *the danger is very great*" (emphasis added). *Commonwealth* v. *Hamel*, 52 Mass. App. Ct. at 258, quoting from *Hyde* v. *United States*, 225 U.S. 347, 387 (1912) (Holmes, J., dissenting).

[4]My colleagues in the majority derive interpretive importance from the fact that *Doe No. 151564* does not describe this requirement as exclusive. But there is no escaping that *Doe No. 151564* links the significance of an out-of-State conviction to the standard of criminality in the Commonwealth. In *Doe No. 151564* the Massachusetts statute prohibited more, not less, conduct than that of the State (Maine) in which a conviction was obtained. The holding is therefore expressed in that context.

[5]See, e.g., Ark. Code Ann. § 12-12-903(12)(A)(iii) (2009) (defining as a "sex offense" requiring registration "[a]n adjudication of guilt for an offense of the law of another state . . . [w]hen that adjudication of guilt requires registration under another state's sex offender registration laws"); Ga. Code Ann. § 42-1-12(e)(6) (Supp. 2012) (requiring registration for "a nonresident who changes residence from another state . . . to Georgia who is required to register as a sexual offender under . . . the laws of another state"); Kan. Stat. Ann. § 22-4902(a)(4) (Supp. 2011) (mandating registration for "any person who has been required to register under out of state law"); Mont. Code Ann. § 46-23-502(9)(b) (2011) (defining registrable "sex offense" as "any violation of a law of another state . . . for which the offender was required to register as a sexual offender after an adjudication or conviction"); Neb. Rev. Stat. § 29-4003(1)(a)(iv) (Supp. 2012) (applying registration requirements to

The majority postulates that specific conduct in a particular case might be sufficiently egregious to secure a conviction of an attempted crime in both jurisdictions. There is some logic in applying such a test — and it apparently appealed here to the trial judge — but it has been rejected by our case law, and for good reason. The Supreme Judicial Court has specifically declined an approach that would entail a long-distance posttrial review of evidence admitted in another jurisdiction, and explicitly has limited the permissible inquiry to a comparison of the elements of each State's crime. "[T]he [Sex Offender Registry Board] may not consider the facts underlying a conviction in making" the "determin[ation] whether the offense constitutes a 'like violation.' " *Doe No. 151564, supra* at 618.

Because our task is to analyze legal requirements rather than speculate on the likelihood of conviction in any particular case that a prosecutor might elect to bring, we must restrict our comparison to respective standards of proof. A hypothetical outcome is thus irrelevant to our proper inquiry, and is also an exercise in circular reasoning: the estimate of a high conviction rate supports the conclusion that the offenses have similar standards of proof, which in turn bolsters the estimate of a high conviction rate. The issue is not whether conviction in a Massachusetts prosecution is likely, but whether the Nevada standard would allow conviction in the Commonwealth. As *Doe No. 151564* recognizes, and regardless of our ability to fashion theories to support a goal[6] of affirming a conviction of failure to register, no prosecutor, and most certainly no defendant, would characterize the difference between acquittal and conviction as

---

any individual who "[e]nters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States"). See generally Terry & Furlong, Sex Offender Registration & Community Notification: A "Megan's Law" Sourcebook (2d ed. 2008-2009).

[6]To the extent the majority's decision is fashioned to support a general legislative goal to require registration, the solution is not to denominate a nonviolation in the Commonwealth as "like" an actual violation elsewhere, but to identify a similar listed offense. For sexual offenses against minors involving the difficult standard for proving attempt in the Commonwealth, the Massachusetts crime of child enticement may often provide the solution. See *Commonwealth* v. *Buswell, ante* 1, 18 (2012) (Cohen, J., dissenting), citing G. L. c. 265, § 26C.

anything less than dispositive in analyzing a "like violation." No reading of G. L. c. 6, § 178C, can support the conclusion that the Legislature created a registration requirement applying only to certain behavior practiced out of State, but not within our borders.

In this case the denial of the defendant's motion for a required finding of not guilty was error, and the judgment should be reversed.