NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-839

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527402

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe (Doe), appeals from a Superior Court judgment affirming the Sex Offender Registry Board's (board) classification of Doe as a level three sex offender. Doe argues that he is not required to register as a sex offender because his index offenses, convictions in Arizona of attempted sexual conduct with a minor, are not "like violations" to one of the enumerated sex offenses in G. L. c. 6, § 178C.  He also argues that the evidence is insufficient to support a level three classification.  We affirm.

Background.  In August 1997 Doe's then wife reported to Arizona police that she had walked in on him and her six year old daughter (Doe's stepdaughter) in the bedroom.  Doe, who was

then twenty-six years old, was naked with an erection, and the child was sitting on the floor wearing underwear and a T-shirt. The child told the mother that Doe was "trying to make [her] hole bigger." During the ensuing investigation, the child reported that Doe would "lick [her] and put his front in [her] bottom," telling her that "he wanted to make her bottom 'wider' so that when she went to the bathroom it wouldn't hurt." The child further reported that Doe stuck his tongue in her "front," forced his penis into her mouth, and showed her pictures that by her description were pornographic. The child made statements suggesting that the abuse had occurred over several months.

In February 1998 Doe pleaded guilty in an Arizona court to two counts of attempted sexual conduct with a minor, in violation of Ariz. Rev. Stat. Ann. § 13-1405, for his abuse of his stepdaughter. He was sentenced to thirteen years of incarceration and lifetime probation.

In May 2020 the board notified Doe, who had since moved to Massachusetts, of his duty to register as a level three sex offender. After requesting a de novo hearing before a hearing examiner, Doe moved to dismiss the proceedings on the ground that the Arizona crime of attempted sexual conduct with a minor is not a "like violation" to a Massachusetts sex offense under G. L. c. 6, § 178C. The hearing examiner denied the motion,

2

concluding that the Arizona offense is a "like violation" to the Massachusetts offense of attempted indecent assault and battery on a child under the age of fourteen. See G. L. c. 265, § 13B; G. L. c. 274, § 6. The hearing examiner then found that the board sustained its burden of proving by clear and convincing evidence that Doe's risk to reoffend and degree of dangerousness were high, warranting a level three classification. On judicial review under G. L. c. 30A, § 14, a Superior Court judge affirmed the board's decision.

Discussion. 1. Like violation. The sex offender registry law requires individuals to register with the board if they live in Massachusetts and have been convicted of an enumerated sex offense "or a like violation of the laws of another state." G. L. c. 6, § 178C. "A 'like violation' is a conviction in another jurisdiction of an offense of which the elements are the same or nearly the same as an offense requiring registration in Massachusetts." Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 615 (2010) (Doe No. 151564). We determine whether a conviction in another jurisdiction is a "like violation" by looking at the elements of the respective offenses, and not the offender's underlying conduct. See id. 619. The out-of-State offense need not have "precisely the same" elements as a Massachusetts sex offense,

3

however, to qualify as a "like violation." Id. at 616. Rather, the out-of-State offense can constitute a "like violation" if it prohibits "essentially the same conduct" as a Massachusetts sex offense. Id. at 617. See Doe, Sex Offender Registry Bd. No. 36870 v. Sex Offender Registry Bd., 96 Mass. App. Ct. 246, 251 (2019) (Doe No. 36870).

Here, we agree with the hearing examiner's determination that the Arizona offense of attempted sexual conduct with a minor is a "like violation" to the Massachusetts offense of attempted indecent assault and battery on a child under the age of fourteen.[1]  In Arizona "[a] person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age."  Ariz. Rev. Stat. Ann. § 13-1405(A). The Arizona crime of "attempt" includes "[i]ntentionally do[ing] or omit[ting] to do anything which, under the circumstances as [the] person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense." Ariz. Rev. Stat. Ann. § 13-1001(A)(2).

In Massachusetts "[w]hoever commits an indecent assault and battery on a child under the age of 14 shall be punished."

---

[1] We therefore do not address the board's argument on appeal that the Arizona offense is a "like violation" to another Massachusetts sex offense, rape and abuse of a child.

4

G. L. c. 265, § 13B.  The elements of this crime "are an intentional touching (1) that is harmful or offensive and committed without justification or excuse; (2) that is indecent (i.e., that offends contemporary standards of decency and moral values); and (3) that is committed on a child under the age of fourteen."  Doe No. 151564, 456 Mass. at 616.  The Massachusetts statute governing "attempt" states that "[w]hoever attempts to commit a crime by doing any act toward its commission, but fails in its perpetration, or is intercepted or prevented in its perpetration, shall . . . be punished."  G. L. c. 274, § 6.

Comparing these elements, we conclude that the Arizona offense of sexual conduct with a minor is sufficiently similar to the Massachusetts offense of indecent assault and battery on a child under the age of fourteen to constitute a "like violation."  Both statutes criminalize intentionally engaging in sexual contact with a minor.  We are unpersuaded by Doe's assertion that the crimes are not sufficiently similar because "conduct like kissing" would not be prohibited by the Arizona statute but could violate the Massachusetts statute.  An act that would be prohibited by the Arizona statute, i.e., "sexual intercourse" or "oral sexual contact" with a minor, would plainly also qualify as an indecent touching of a minor in

5

Massachusetts.[2]  Thus, "[a]n individual convicted under the [Arizona] statute who committed the same act in Massachusetts could be convicted under the Massachusetts statute and thereafter would be subject to the requirement of sex offender registration in the Commonwealth."  Doe No. 151564, 456 Mass. at 618.  That the Massachusetts statute "prohibits more conduct" than the Arizona statute does not render the crimes dissimilar. Id.  For the same reason, we are unpersuaded by Doe's argument that the crimes are dissimilar because the Arizona statute has a higher mens rea requirement than the Massachusetts statute.

Doe also points to the differences in the statutes regarding the age at which a child is unable to consent. Specifically, he asserts, without citation, that "[i]n Arizona a minor under age 18 is unable to consent to sexual conduct," but see Ariz. Rev. Stat. Ann. § 13-1407(F), "whereas in Massachusetts proof a minor aged 14 or over did not consent is required."  This argument is foreclosed by Doe No. 36870, 96 Mass. App. Ct. at 253, in which we held that the out-of-State offense was a "like violation" to the Massachusetts offense of indecent assault and battery on a child under the age of

_____

    [2] The Arizona statute defines "sexual intercourse" as "penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva" and "oral sexual contact" as "oral contact with the penis, vulva or anus."  Ariz. Rev. Stat. Ann. § 13-1401(A).

6

fourteen, even though the statutes "define[d] differently the age whereby a child is unable to consent."  In so concluding, we underscored that "a technical comparison of crimes which are, in all other respects, 'essen[tially] . . . the same' is not what the Legislature intended when it passed the sex offender registry law."  Id., quoting Doe No. 151564, 456 Mass. at 615.

We likewise disagree with Doe's argument that his offenses were not "like violations" because of differences in the Arizona and Massachusetts crimes of attempt.  The Arizona statute defines attempt in three different ways.  See Ariz. Rev. Stat. Ann. § 13-1001(A).  Doe focuses on only the first definition while disregarding the second, which, as mentioned, provides that a person commits attempt by intentionally taking "any step in a course of conduct planned to culminate in commission of an offense."  Ariz. Rev. Stat. Ann. § 13-1001(A)(2).  That provision is essentially the same as the Massachusetts statute criminalizing "attempt[ing] to commit a crime by doing any act toward its commission, but fail[ing] in its perpetration."  G. L. c. 274, § 6.

At oral argument Doe claimed that the second definition of attempt in the Arizona statute differs from the Massachusetts statute because Arizona follows the model penal code approach, whereas Massachusetts follows the proximity approach.  But Doe's

brief does not address the second definition in the Arizona statute at all, let alone develop any argument regarding it. The issue is therefore waived.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).

We note also that Doe's suggestion at oral argument that one could be found guilty of attempt in Arizona merely by thinking about committing a crime is implausible and contrary to the language of the statute, which requires the taking of a "step" toward the commission of a crime.  Ariz. Rev. Stat. Ann. § 13-1001(A)(2).  Moreover, if Arizona follows the model penal code as Doe claims, an attempt would require the taking of a "substantial step" toward the commission of a crime.  Model Penal Code § 5.01 (1) (c).  In any event, we need not delve on our own into how the Arizona courts might define attempt in some "hypothetical set of circumstances"; we evaluate only "the 'essence' of the crimes for sufficient similarity." Commonwealth v. Bell, 83 Mass. App. Ct. 82, 88 (2013).  We therefore cannot relieve Doe of his duty to register based on the hypothetical possibility that "the greater stringency with which Massachusetts defines an attempt [could] lead to an acquittal in the Commonwealth for behavior identical to that resulting in [an Arizona] conviction."  Id. at 87.

2.  Substantial evidence.  Doe next argues that the board's decision to classify him as a level three sex offender is unsupported by substantial evidence.  Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion."  Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011) (Doe No. 10800), quoting G. L. c. 30A, § 1 (6).  The board must "prove the appropriateness of an offender's risk classification by clear and convincing evidence."  Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 298 (2015).

Substantial evidence supports the hearing examiner's determination that the board met its burden in this case.  In arguing otherwise, Doe claims that his index sex offenses did not involve penetration.  That is incorrect.  Although Doe's index offenses were for attempt, the hearing examiner found that there was reliable and credible evidence that Doe actually and repeatedly raped and indecently touched the six year old victim over a three-month period.  The hearing examiner gave a detailed explanation for this finding, which is supported by the record.

In addition, the hearing examiner cited evidence of other sexual misconduct committed by Doe against a second victim in 1996.  The victim, a thirteen year old babysitter, reported to

9

Arizona police that Doe touched her breasts under her clothes and her vagina on top of her clothes on five different occasions. The victim further reported that Doe gave her and her friends alcohol and cigarettes. Two of the victim's friends witnessed Doe kissing and touching her breasts and corroborated her account that Doe gave them alcohol, as well as marijuana. Another friend witnessed Doe kissing the victim and fondling her breasts and told police that she had seen Doe and the victim "making out" on other occasions. Although Doe was not charged with any crimes for these sexual assaults, the hearing examiner found that there was reliable and credible evidence that the assaults occurred, given the level of detail in the victim's and witnesses' accounts. Doe does not challenge this finding on appeal.

The hearing examiner also considered evidence that, while Doe was on probation in 2014, Arizona police found pornographic materials on his cell phone, including an image of the genital area of a girl under the age of fifteen, a video depicting the vagina of a girl under the age of fifteen being penetrated by an adult penis, a video depicting a penis ejaculating on children's underwear, and several thumbnail images showing minors engaging in sex acts. Doe was later arrested and charged in Arizona with two counts of sexual exploitation of a minor. Although the

10

charges were ultimately dismissed, the hearing examiner found that there was reliable and credible evidence that Doe possessed child pornography.  Again, Doe does not challenge the hearing examiner's finding on appeal.

The index offenses and Doe's other sexual misconduct triggered the application of two statutory high-risk factors: factor 2 (repetitive and compulsive behavior) and factor 3 (adult offender and child victims).  The hearing examiner also applied several risk-elevating factors, including factor 18 (extravulnerable victims), factor 19 (level of physical contact, factor 20 (diverse sexual behavior), factor 21 (diverse victim type), and factor 13 (noncompliance with community supervision).  Although the hearing examiner gave moderate weight to the mitigating fact that Doe had eight years of offense-free time in the community, he ultimately concluded that this did not outweigh the numerous high-risk and risk-elevating factors.  The hearing examiner's detailed reasoning demonstrates that he carefully weighed the factors and that the level three classification was "based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex."  Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 299 (2021), quoting Doe, Sex Offender Registry Bd. No. 136652 v. Sex

11

Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012).

Substantial evidence supports the hearing examiner's decision.

See Doe No. 10800, 459 Mass. at 637.

Judgment affirmed.

By the Court (Blake, C.J.,
Shin & Hand, JJ.[3]),

Clerk

Entered: February 11, 2025.

---

[3] The panelists are listed in order of seniority.