Following a jury trial in the District Court, the defendant, Barbara Abernathy, was convicted of eight counts of disturbing the peace, six counts of violation of a harassment prevention order, two counts of criminal harassment, and one count of filing a false police report.[2] On appeal, the defendant claims that (1) she had the ineffective assistance of counsel; (2) it was error to admit prior bad act evidence; (3) the judge failed to instruct the jury on prior bad act evidence; (4) it was error to admit the unredacted harassment prevention order; (5) the judge improperly admitted certain police testimony; (6) a portion of the sentence constituted a civil forfeiture violating her due process rights; and (7) it was error to place certain convictions on file without a proper colloquy and the defendant's consent.
Background. In June, 2012, the defendant bought and moved into a fourth-floor unit in a condominium complex. The victim lived directly below the defendant with his wife and two year old son in a unit that he and his wife had bought. Soon after the defendant moved into her unit, the victim heard loud noises, including "very loud stomping" and "heavy, loud thuds," coming from the defendant's unit. The victim tried to speak to the defendant about the noise, but to no avail. The noise increased in frequency and in strength. The victim also tried unsuccessfully to resolve the issue through the condominium association. The noise became so unbearable that the victim paid to have his bedroom ceiling soundproofed. This did little to mask the noise. He then began to report this conduct to the police.
After calling the police numerous times in February and March of 2013, the victim applied for and was granted a harassment prevention order pursuant to G. L. c. 258E. The ex parte order entered on April 12, 2013, and after a hearing on April 23, 2013, at which both parties were present, the order was extended to October 22, 2013. At a subsequent hearing, at which both parties were present, the order was extended for one year until November 18, 2014.[3] The harassment prevention order did not deter the defendant. In total, the police were called to the condominium complex nearly forty-seven times between September, 2012, and April, 2013, for the most part due to complaints regarding the defendant.
Discussion. 1. Ineffective assistance of counsel. The defendant claims that nine of her convictions, charged in seven complaints, violated her right to a speedy trial pursuant to Mass.R.Crim.P. 36, 378 Mass. 909 (1979). Because defense counsel did not move to dismiss on this ground, the defendant claims that her counsel was ineffective because a motion to dismiss would have been allowed. She raises this claim for the first time on appeal.
Although the speedy trial claim was not raised below, "we assess whether ... counsel's error in failing to preserve this issue amounted to ineffective assistance of counsel." Commonwealth v. Denehy, 466 Mass. 723, 728 (2014). We review a claim of ineffective assistance by the familiar standard set forth in Commonwealth v. Saferian, 366 Mass. 89 (1974). The defendant must show that the "behavior of counsel [fell] measurably below that which might be expected from an ordinary fallible lawyer," depriving her of an "otherwise available, substantial ground of defence." Id. at 96. The defendant did not move for a new trial and the extant record does not provide us with indisputable proof of ineffective assistance of counsel. See Commonwealth v. Adamides, 37 Mass. App. Ct. 339, 344 (1994).
Rule 36(b)(1)(C) of the Massachusetts Rules of Criminal Procedure provides that a defendant is entitled to dismissal of charges brought against her if they are not tried "within twelve months after the return day in the court in which the case is awaiting trial." However, trial delays that a defendant "acquiesced in, was responsible for, or benefited from" are excluded from the twelve-month speedy trial calculation. Commonwealth v. Davis, 91 Mass. App. Ct. 631, 632 (2017), quoting from Commonwealth v. Spaulding, 411 Mass. 503, 504 (1992). As is the case here, the "failure to object to a continuance or other delay constitutes acquiescence." Commonwealth v. Tanner, 417 Mass. 1, 3 (1994).
Not only did the defendant not object to the continuances once the complaints were joined, she affirmatively assented to a continuance due to her attorney's unavailability. See Davis, supra. Her failure to object constitutes acquiescence. See Commonwealth v. Taylor, 469 Mass. 516, 524 (2014) (in order to preserve rule 36 rights, defendant must "explicitly and formally object, on the record, to each and every proposed continuance or delay"). Any motion to dismiss would have been futile. Accordingly, her counsel was not ineffective.
2. Prior bad act evidence. The defendant next contends that the Commonwealth's decision to file nolle prosequis on four of the charges at the conclusion of the evidence prejudiced her. She claims that because those charges were not dismissed or nolle prossed prior to trial, the jury heard otherwise inadmissible prior bad act evidence resulting in her being prejudiced. As there was no objection, we review to determine whether there was error, and if so, whether it created a substantial risk of a miscarriage of justice. See Commonwealth v. Freeman, 352 Mass. 556, 563-564 (1977).
The Commonwealth filed the nolle prosequis at the urging of the trial judge to reduce jury confusion and for case management purposes. At the close of evidence, there remained twenty-three charges on thirteen complaints, and some charges appeared duplicative due to the defendant's ongoing conduct during different times on the same date.[4] Generally, the Commonwealth is permitted to introduce evidence of prior bad acts to meet its burden of proof on the charge of criminal harassment. See G. L. c. 265, § 43A(a ). Moreover, some of the evidence of the defendant's conduct was the basis for other charges that were submitted to the jury. See Commonwealth v. DelValle, 443 Mass. 782, 790 (2005) (evidence of prior bad acts may be admissible if relevant for purpose of showing intent, motive, state of mind, or other relevant issue at trial). There was no error, let alone a substantial risk of a miscarriage of justice.
3. Jury instruction on prior bad acts. The defendant next contends that the judge should have sua sponte instructed the jury on prior bad act evidence. As there was no request from the defendant, nor an objection to the given instructions, we review to determine whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Resende, 476 Mass. 141, 153 (2017). The judge is not required to give such an instruction sua sponte, and none was required here. See Commonwealth v. Sullivan, 436 Mass. 799, 809 (2002). Also, the defendant's acquittal of two charges "demonstrate[d] a careful consideration of the evidence" by the jury. Commonwealth v. Dorazio, 472 Mass. 535, 543 (2015).
4. Unredacted harassment prevention order. The defendant next contends that it was error to admit the unredacted harassment prevention order. She contends that the following language was prejudicial: "[T]he Court determined that there is a substantial likelihood of immediate danger of harassment."[5] Because there was no objection, we review for error, and if error is found, whether it created a substantial risk of a miscarriage of a justice. Freeman, supra.
While the existence of a harassment "prevention order itself is required to establish violation of the order," Commonwealth v. Reddy, 85 Mass. App. Ct. 104, 109 (2014), the "substantial likelihood [language] ... has no place in a criminal trial."[6] Id. at 108. Notwithstanding, defense counsel in his closing argument argued that many people obtain harassment prevention orders, but that, here, even if the defendant had been noisy, that did not satisfy the elements of the crimes charged. He also argued that as to the victim obtaining the harassment prevention order, "We don't know what he said, we don't know what the basis of it was." See Commonwealth v. Foreman, 52 Mass. App. Ct. 510, 515-516 (2001). Moreover, the Commonwealth did not emphasize or exploit the "substantial likelihood" language to prove that the defendant violated the order. Contrast Reddy, supra at 110. Although error, it did not create a substantial risk of a miscarriage of justice.
5. Sergeant Gunter's testimony. The defendant argues that the testimony of Sergeant Gunter regarding a conversation he had with an assistant district attorney was hearsay that created an "improper official imprimatur" of the defendant's guilt. Because the defendant did not object to the testimony, we review for error, and if error is found, whether it created a substantial risk of a miscarriage of justice. See Freeman, 352 Mass. at 563-564.
In his testimony, Gunter did not express his views-or those of the assistant district attorney-about the defendant's guilt. In addition, most of Gunter's testimony regarding the criminal harassment charge was brought was elicited by defense counsel. See Commonwealth v. Perez, 405 Mass. 339, 344 (1989) ("If the defendant had elicited the potentially prejudicial response, he cannot now complain of its prejudicial effect" [quotation omitted] ). There was no error.
5. Forfeiture of the condominium unit. The defendant contends that the judge's order that she stay away from her condominium unit, unless escorted by police, constituted a forfeiture requiring a jury trial. We disagree.
The defendant makes this contention for the first time on appeal, and "[o]ur system is premised on appellate review of that which was presented and argued below." Commonwealth v. Bettencourt, 447 Mass. 631, 634 (2006). Notwithstanding, the stay away order entered in this case does not constitute a civil forfeiture. Generally the Commonwealth seeks forfeiture when monies, real estate, or other property are "furnished or intended to be furnished by any person in exchange for a controlled substance." Commonwealth v. One 2004 Audi Sedan Auto., 456 Mass. 34, 37 (2010), quoting from G. L. c. 94C, § 47(a )(5). Forfeiture "results in total loss of the property." Commonwealth v. One 1972 Chevrolet Van, 385 Mass. 198, 201 (1982).
Here, the Commonwealth did not seek forfeiture, and the judge's order did not result in forfeiture of the unit.[7] See G. L. c. 94C, § 47(b ). Rather, the stay away order is not unlike those set forth in harassment prevention and abuse prevention orders or bail conditions. Indeed, it was the defendant who, during the sentencing hearing, suggested that she sublet her apartment.
6. Convictions placed on file. Finally, the defendant contends, and the Commonwealth concedes, that the judge failed to conduct a colloquy and obtain her consent before placing nine[8] convictions on file. Having reviewed the record, we agree that this was error and a remand for resentencing is required. See Commonwealth v. Simmons, 448 Mass. 687, 699-700 (2007).
Conclusion. On complaints numbered 13-1826, 13-1883, 13-2668, 13-2840, 13-5956, 14-153, 14-2914, charging disturbing the peace and on complaint numbered 13-2919, charging filing a false police report and disturbing the peace, we affirm the judgments of conviction, but vacate the sentences on those convictions and remand for resentencing. The remaining judgments are affirmed.
So ordered.
Affirmed.

The defendant was charged with a total of twenty-eight counts arising from fourteen separate complaints. Prior to trial, the Commonwealth filed nolle prosequis on five counts of noise ordinance violations. At the close of evidence, the Commonwealth filed nolle prosequis on two counts of disturbing the peace, one count of a violation of a harassment prevention order, and one count of noise ordinance violation. The jury acquitted the defendant of two counts of intimidation of a witness.

A different panel of this court affirmed the one-year order in a memorandum and order issued pursuant to our rule 1:28.

The defendant was charged with two counts of violation of a harassment prevention order and two counts of disturbing the peace based on two separate incidents that occurred in the morning and evening of May 6, 2013. The Commonwealth filed nolle prosequis for one charge of disturbing the peace on one complaint and one charge of violation of a harassment prevention order on the other complaint. Similarly, the Commonwealth filed a nolle prosequi on one of two charges of disturbing the peace for an incident occurring on January 13, 2014. Lastly, the Commonwealth filed a nolle prosequi on one charge of violation of a municipal noise ordinance for an incident occurring on February 2, 2013.

Relying on Commonwealth v. Gil, 393 Mass. 204, 217 (1984), the defendant also argues that the judge should have provided a limiting instruction to the jury before the harassment prevention order was admitted into evidence. This reliance is misplaced as Gil does not require a judge to provide a limiting instruction sua sponte. See Commonwealth v. Sullivan, 436 Mass. 799, 809 (2002).

To be sure, the better practice is to redact the harassment prevention order prior to submitting it to a jury.

The stay away order expires when both the harassment prevention order and the defendant's probation term have expired. It is not, as the defendant suggests, permanent.

The defendant incorrectly states that ten convictions were placed on file. According to the docket sheets, the defendant was convicted of seventeen charges and received sentences on eight with the remaining nine being placed on file.