NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-827

COMMONWEALTH

vs.

BRANDON MENJARES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted by a District Court jury of indecent assault and battery on a person over fourteen. In this consolidated appeal, the defendant challenges both his conviction, arguing that the trial judge's first complaint instruction was erroneous, and the denial of his motion for a new trial, arguing that the motion judge abused his discretion in concluding that trial counsel was not ineffective. The motion judge, who was not the trial judge, denied the motion for new trial after a nonevidentiary hearing. Considering the cumulative effect of trial counsel's errors, we reverse the order denying the motion for new trial, vacate the judgment, and set aside the verdict.

Background. We summarize the facts the jury could have found, reserving some details for later discussion.

The defendant and a friend arrived at the complainant's apartment, where those present -- including the complainant and the defendant -- drank alcohol, smoked marijuana, and ingested cocaine. The complainant testified that the defendant was the last person at the gathering and that she fell asleep while he was there. When she awoke, the defendant was on top of her with his hands up her shirt; she yelled at him to get off of her. He stopped and left the apartment. The complainant testified that she was still drunk and fell back asleep, waking up again the following afternoon. When she stood up from the bed, her shorts and underwear fell down, as the shorts were off one leg completely. She remembered she had not gone to bed like that. While she was unsure what had happened, she felt like she had had sex.

The defendant testified that the sexual encounter was consensual and that, once the complainant told him to stop, he complied.

Discussion. 1. First complaint instruction. The defendant argues that the judge's first complaint instruction erroneously informed the jury of the complainant's multiple reports of the assault to several witnesses, thereby bolstering her credibility and creating a substantial risk of a miscarriage of justice. We disagree. A judge may make an exception to the first complaint doctrine, which permits only the "very 'first'

2

complaint witness" to testify, Commonwealth v. King, 445 Mass. 217, 243 (2005), cert. denied, 546 U.S. 1216 (2006), provided "the first person told of the assault is 'unavailable.'" Commonwealth v. Alce, 96 Mass. App. Ct. 851, 854 (2020), quoting King, supra.  In such a circumstance, the judge shall inform the jury of the substituted first complaint witness and instruct the jury that the testimony is limited in purpose and not to prove that the assault occurred.  See Commonwealth v. Pena, 96 Mass. App. Ct. 655, 659 (2019).

Here, after determining that the complainant's friend would be the substituted first complaint witness, the judge so instructed the jury, adding that the complainant "may have reported the alleged sexual assault to more than one person" and that the friend would be the first complaint witness, "even though he appears to be the second person in line, so to speak." The judge emphasized that the evidence was for a specific limited purpose and reiterated that, "if the first complaint witness is not available, the law allows a substitute."

Because the defendant did not object at trial, we review to determine if any error created a substantial risk of a miscarriage of justice.  See Commonwealth v. Harris, 481 Mass. 767, 779 (2019).  Evaluating the instruction as a whole and interpreting it as a reasonable juror would, see Commonwealth v. Marinho, 464 Mass. 115, 122 (2013), we see no error.  The

3

judge's instruction was accurate and explained the law correctly, without calling unnecessary attention to the fact or details of the prior complaint. See generally Commonwealth v. Burke, 414 Mass. 252, 267 (1993) ("We do not require that any specific form of words be spoken in a jury instruction" [quotation omitted]).

2. Ineffective assistance of counsel. The defendant argues that the motion judge abused his discretion in denying his motion for a new trial due to ineffective assistance of counsel. We agree. We review the denial of a motion for new trial "to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). See Commonwealth v. Alvarez, 433 Mass. 93, 100-101 (2000). Because the motion judge was not the trial judge, we "regard ourselves in as good a position as the motion judge to assess the trial record." Commonwealth v. Wright, 469 Mass. 447, 461 (2014), quoting Commonwealth v. Weichell, 446 Mass. 785, 799 (2006). The defendant contends that, while a broad strategy that the interaction was consensual may have been reasonable, his trial counsel's actual performance did not demonstrate sound tactical decisions. See Commonwealth v. Salyer, 84 Mass. App. Ct. 346, 355 (2013). Trial counsel submitted an affidavit in which he averred that his strategy was to "simplify the trial" and that he "did not object to

4

evidence . . . [that he] did not think was important or central to [his] theme."  Where trial counsel's purportedly strategic decisions are in question, "the test is whether the decision was 'manifestly unreasonable when made.'"  Commonwealth v. Kolenovic, 471 Mass. 664, 674 (2015), quoting Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006).  We therefore assess "whether counsel's choice was an informed and reasonable decision; a consideration to be assessed in light of his over-all representation of the defendant at the trial."  Commonwealth v. Frank, 433 Mass. 185, 192 (2001).  Here, we agree with the defendant that trial counsel displayed "serious . . . inattention . . . falling measurably below that which might be expected from an ordinary fallible lawyer."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

We begin our analysis by noting that the defendant lists numerous instances during the trial to support his argument that his counsel was ineffective.  Considering the cumulative effect of trial counsel's errors, we agree that he was not effective. Given that we conclude that the defendant is therefore entitled to a new trial, we need not address every instance of alleged

error on which the defendant based his motion but instead narrow our focus on the following.[1]

First, the defendant argues that trial counsel erred in failing to make objections to prejudicial testimony and then at times actively eliciting more prejudicial testimony. We agree. For instance, during the complainant's testimony, trial counsel did not object to the references to additional reports she made to her neighbor, the police, and her cousin. See Commonwealth v. Murungu, 450 Mass. 441, 442-443 (2008) (first complaint doctrine prohibits "piling on" of multiple complaint witnesses). Equally as troubling, he elicited further information about the reports from the complainant herself, and other witnesses. Additionally, trial counsel did not object to evidence of the defendant's invocation of his right to remain silent, and of the complainant's sexual orientation.

The defendant next argues that trial counsel erred in calling the defendant's girlfriend to testify and failing to redirect her testimony. We agree. While the girlfriend's

---

[1] The defendant also contends that his trial counsel should have requested an instruction that the defendant was too intoxicated to realize that the complainant was incapacitated and could not consent. While the record does contain evidence of the defendant's possible intoxication on which trial counsel may have based a requested instruction, we do not consider trial counsel's lack of such a request unreasonable and instead rest our ruling on the specific errors discussed infra.

6

testimony impeached the complainant on a collateral matter,[2] the girlfriend also testified that the defendant had told her that nothing had happened between him and the complainant, which was a complete falsehood as indicated by the defendant's own testimony.  Cf. Commonwealth v. Gonzalez, 443 Mass. 799, 809-810 (2005) (counsel not ineffective where witness's anticipated testimony diverged from prior version).  Trial counsel did not conduct any redirect examination and did not object when the prosecutor later referenced this damaging testimony in closing, improperly suggesting that the defendant had a character for lying.

The defendant next argues that trial counsel erred in failing to object to the admission of unredacted and prejudicial medical records.  We agree and consider this perhaps the most serious showing of trial counsel's inattention.  See Commonwealth v. Dargon, 457 Mass. 387, 397-398 (2010).  Despite trial counsel's having purportedly reviewed the records, the trial judge immediately noticed improper references to sexual assault and instructed the Commonwealth to redact them before they were marked as Exhibits 1 and 2.  Nevertheless, Exhibit 1 still contained references to sexual assault:  specifically,

---

[2] The complainant testified that she had attended a party at an aunt's home earlier in the evening, but the girlfriend testified that she resided with the aunt and that there was no party at her home on the evening in question.

three references to "SANE" and a form entitled, "Sexual Assault Evidence Collection Kit," which included a section referencing the "Sexual Assault Evidence Collection Kit."  Exhibit 2 included a narrative of the complainant's report, and a later exhibit, Exhibit 4, introduced as buccal swab results by the Commonwealth, contained a form entitled, "Commonwealth of Massachusetts Sexual Assault Evidence Collection Kit," another narrative of the complainant's report, an unredacted copy of the chart entitled "Sexual Assault Evidence Collection Kit," and references to a "rape kit."  The Commonwealth, conceding only that the references to "sexual assault," "rape kit," and "assailant" were error, contends that no error of trial counsel prejudiced the defendant.  We are not persuaded.  See Dargon, supra at 397 (failure to redact prejudicial where "language of the form served to reinforce" sexual assault).[3]

_____

[3] The defendant also argues that trial counsel was ineffective in failing to object to the sexual assault nurse examiner's testimony that SANE exams are given to patients who have suffered a sexual assault.  While most of the nurse's testimony "did not serve solely to bolster the victim's credibility" but instead "served the independent purposes of providing background information and laying a foundation for the admission of physical evidence" (quotation omitted), Dargon, 457 Mass. at 401, counsel should have at least requested a limiting instruction regarding the testimony that recipients of SANE services must "have had a sexual assault or an assault within five days."  See id. at 398 n.13 ("when testimony is offered concerning the SANE examination process, the judge, on request, should explain to the jury that SANE examinations occur when there is an allegation or complaint of sexual assault; and the

8

Finally, the defendant argues that trial counsel erred in failing to object to certain statements in the Commonwealth's closing argument. We agree. Specifically, in one example of those noted by the defendant,[4] the prosecutor argued:

> "The more interesting testimony that [the defendant] provided to you yesterday is one, he lied to his girlfriend for two years. He lied to his girlfriend for two years, someone he's been with for nine years. Someone [whose] family took him in after a horrific, horrific history. . . . He never told anybody that anything happened. In fact, he sat there for two and a half years, two years saying nothing happened. That's what he told [his girlfriend], and that's what he told you. That's what he told people, nothing happened. If he can lie to his girlfriend of nine years for over two years, that speaks to his character. How do you know he's not lying to you here today? Think about it."

These statements exacerbated the prejudice already caused by the girlfriend's earlier testimony, to which trial counsel did not

_____

fact that the examination occurred, by itself, does not constitute evidence or any indication that the complaint is valid").

[4] The defendant additionally argues that trial counsel should have objected to other purportedly improper portions of the prosecutor's closing argument, including that it takes more than a couple of seconds to leave saliva on a cervix, her characterization of the day of the incident as the worst day of the complainant's life, and her highlighting the rigors of the SANE exam as evidence of the complainant's credibility. Given our conclusion and the other errors upon which it rests, we do not reach these assertions. However, we note that a prosecutor's closing should not "invite[] the jury to decide the case based on sympathy for the victim," and we do not see how a failure to object to statements designed to elicit such sympathy would be a sound defense strategy in circumstances such as these. Commonwealth v. Rutherford, 476 Mass. 639, 646 (2017).

9

object and which he did not seek to redirect. See Commonwealth v. Reddy, 85 Mass. App. Ct. 104, 109-110 (2014).

In determining whether all of the errors discussed prejudiced the defendant, "we must examine the strength of the Commonwealth's case, the nature of the error[s], the significance of the error[s] in the context of the trial, and the possibility that the absence of an objection was the result of a reasonable tactical decision" (quotation omitted). Reddy, 85 Mass. App. Ct. at 110. Here, as conceded by the Commonwealth, the "evidence . . . was completely tied to the credibility of the [complainant]," id. at 110-111, and so the errors here -- which had the effect of reinforcing the complainant's credibility -- were particularly prejudicial. As such, "we lack substantial confidence that the jury verdict

would have been the same." Commonwealth v. Rhodes, 482 Mass. 823, 829 (2019).

Conclusion. The order denying the defendant's motion for new trial is reversed, the judgment is vacated, and the verdict is set aside.

So ordered.

By the Court (Rubin, Massing & Desmond, JJ.[5]),

*Paul Little*

Assistant Clerk

Entered:  May 8, 2024.

---

[5] The panelists are listed in order of seniority.

11